NORTH RIDGE INVESTMENT CORPORATION, APPELLANTS, *v.* COLUMBIA GAS OF OHIO, INC., APPELLEE.

(No. 2074—Decided May 9, 1973.)

*West, West & West Co., L. P. A.,* for appellants.
Messrs. *Miraldi, Colella & Barrett, Mr. R. N. Mahaffey.*
and *Mr. J. L. Fullin,* for appellee.

MAHONEY, J. This case is an appeal from a judgment entered in the Court of Common Pleas of Lorain County dismissing, for lack of jurisdiction, the action for a mandatory injunction and damages filed by the plaintiffs, the appellants.

The plaintiffs are all involved in the development of land for residential purposes. The defendant Columbia Gas of Ohio, Inc., the appellee, is a public utility providing fuel gas for consumption in the cities of Elyria and North Ridgeville.

Plaintiffs allege, in their complaint, that: they collectively own approximately 519.48 acres of land in the above named communities, and such real estate is in "various stages of land development"; they submitted requests to the defendant for natural gas service, and the defendant represented that such service would be available for residential purposes; thereafter, in reliance upon that representation, plaintiffs commenced residential development, and requested that the service be installed; the defendant, in the meantime, imposed a ban and refused to furnish the service.

Plaintiffs, in their first cause of action, pray for a mandatory injunction compelling the defendant to furnish such service. In their second cause of action, they seek treble damages, under R. C. 4905.61, alleging that defendant failed to furnish service as is its duty under R. C. 4905.22.

Defendant filed a motion to dismiss, under Civil Rule

12(B)(1), claiming that the court is without jurisdiction by virtue of R. C. 4905.04 and 4905.05. The trial court sustained the motion and dismissed the case for a lack of jurisdiction over the subject matter.

Plaintiffs, in their assignment of error, claim that the trial court's judgment is contrary to law and against the manifest weight of the evidence.

We agree with the trial court. We find that the legislature lawfully created a Public Utilities Commission and vested it with the power to regulate and supervise public utilities. The commission's powers and duties are outlined in Title 49 of the Revised Code and particularly Sections 4905.04 and 4905.05. The Supreme Court has held that the jurisdiction of the commission is exclusive. *State, ex rel. Ohio Bell Telephone Co.,* v. *Court of Common Pleas* (1934), 128 Ohio St. 553.

We hold that the Court of Common Pleas is without jurisdiction, either in mandamus or injunction, to order a public utility to provide service and facilities upon application of a prospective user. *State, ex rel. Coury,* v. *Ohio Bell Telephone Co.* (1961), 172 Ohio St. 309. Jurisdiction does lie, in mandamus or injunction, when the Public Utilities Commission brings the action, pursuant to R. C. 4905.-60.

We hold further that an action for treble damages, under R. C. 4905.61, which is predicated upon a failure of a public utility to comply with R. C. 4905.22, must be preceded by the successful prosecution of a complaint under R. C. 4905.26. The Court of Common Pleas then hears the action to ascertain and assess treble damages.

*Judgment affirmed.*

BRENNEMAN, P. J., and VICTOR, J., concur.