THE STATE, EX REL. DAYTON POWER & LIGHT CO., *v.* KISTLER, JUDGE, ET AL.

[Cite as State, ex rel. D. P. & L. Co., v. Kistler (1979), 57 Ohio St. 2d 21.]

(No. 78-1307—Decided February 21, 1979.)

*Mr. J. R. Newlin, Mr. Stephen F. Koziar* and *Mr. Curtis E. McIntyre,* for relator.

*Mr. L. Craig Hallows,* prosecuting attorney, for respondent Judge John M. Kistler.

*Messrs. Faust, Harrelson, Fulker & McCarthy, Mr. John E. Fulker* and *Mr. DeWayne Smith,* for intervening respondents M. Carol Smith et al.

*Per Curiam.* This court has held on numerous occasions that a writ of prohibition will issue only when the following conditions have been satisfied: (1) the court or officer against whom it is sought must be about to exercise judicial or quasi-judicial power; (2) the exercise of such power must amount to an unauthorized usurpation of judicial power; and (3) it must appear that the refusal of the writ would result in injury for which there is no adequate remedy. See, *e. g., State, ex rel. Northern Ohio Tel. Co.,* v. *Winter* (1970), 23 Ohio St. 2d 6, 8; *State, ex rel Gilligan,* v. *Hoddinott* (1973), 36 Ohio St. 2d 127, 130; *State, ex rel. Allied Chemical Corp.,* v. *Earhart* (1974), 37 Ohio St. 2d 153, 155.

The parties agree that the first requirement has been satisfied by the act of respondent overruling relator's motion to dismiss. The issue herein is whether the second prerequisite is also present. Therefore, it is necessary to determine whether a trial court has subject matter jurisdiction over a suit for treble damages predicated on R. C. 4905.61 and a violation of R. C. 4905.33. It is fundamental that one of the functions of the writ of prohibition is to prevent a court or tribunal from usurping or exercising jurisdiction where it is not legally vested. *State, ex rel.*

*Taylor,* v. *Glasser* (1977), 50 Ohio St. 2d 165.

In the recent case of *Milligan* v. *Ohio Bell Tel. Co.* (1978), 56 Ohio St. 2d 191, this court dealt with the question of whether a Court of Common Pleas possesses subject matter jurisdiction of a claim seeking treble damages pursuant to R. C. 4905.61. In *Milligan* we reversed in part a Court of Appeals decision which held that a trial court did possess subject matter jurisdiction of a violation of a specific statute, similar to R. C. 4905.33, and described the interrelationship between such a statute and R. C. 4905.-61, at page 194, as follows:

"Bringing suit for treble damages against a utility, therefore, is dependent upon a finding that there was a violation of a specific statute (R. C. 4905.22 in this cause) or an order of the commission. Because such finding is within the exclusive jurisdiction of the commission, paragraph one of the syllabus in *State, ex rel. Northern Ohio Tel. Co.,* v. *Winter* (1970), 23 Ohio St. 2d 6, it follows that before a Court of Common Pleas has jurisdiction to hear a complaint for treble damages under R. C. 4905.61, there first must be a determination by the commission that a violation has in fact taken place. An award of treble damages based upon an independent finding by a Court of Common Pleas of a violation of such statute or order would be void. See *State, ex rel. Columbia Gas,* v. *Kiroff* (1976), 46 Ohio St. 2d 397."

Furthermore, in the first paragraph of the syllabus in *Milligan,* we outlined the general principle that alleged violations of R. C. Chapter 4905, such as R. C. 4905.33 in the present controversy, are the concern of the Public Utilities Commission in the first instance:

"A Court of Common Pleas is without jurisdiction to hear a claim seeking treble damages pursuant to R. C. 4905.61 absent a prior determination by the Public Utilities Commission that there was in fact a violation of R. C. Chapters 4901, 4903, 4905, 4907, 4909, 4921 or 4925, or an order of the commission."

In light of that holding and the rationale therefor ex-

24

pressed in *Milligan*, the second prerequisite for the requested writ has been satisfied.

With respect to the third requirement for the issuance of a writ of prohibition, the availability of an adequate remedy, such requirement becomes immaterial when a lower court totally lacks jurisdiction over the subject matter of the dispute filed therein. In *State, ex rel. Adams*, v. *Gusweiler* (1972), 30 Ohio St. 2d 326, this court held, at page 329, as follows:

"If an inferior court is without jurisdiction whatsoever to act, the availability or adequacy of a remedy of appeal to prevent the resulting injustice is immaterial to the exercise of supervisory jurisdiction by a superior court to prevent usurpation of jurisdiction by the inferior court."

See, also, *State, ex rel. Allied Chemical Corp., supra*, at page 156; *State, ex rel. Republic Steel Corp.*, v. *Ohio Civil Rights Comm.* (1975), 44 Ohio St. 2d 178, 185.

In light of the foregoing, we conclude that the Court of Common Pleas lacked subject matter jurisdiction over the instant controversy. Therefore, since the first two requirements for a writ of prohibition are present, relator's writ of prohibition is allowed.

*Writ allowed.*

CELEBREZZE, C. J., HERBERT, W. BROWN, P. BROWN and SWEENEY, JJ., concur.

LOCHER and HOLMES, JJ., not participating.