FEDERAL RESERVE BANK OF CLEVELAND, APPELLANT, *v.* PUROLATOR COURIER CORPORATION, APPELLEE.

(No. 46608—Decided December 27, 1983.)

*Messrs. Squire, Sanders & Dempsey* and *Mr. Richard W. McLaren, Jr.,* for appellant.

*Messrs. Baker & Hostetler* and *Mr. Richard R. Hollington,* for appellee.

PARRINO, J. This is an appeal from the court of common pleas in which appellant, Federal Reserve Bank of Cleveland, contests the trial court's judgment which granted appellee Purolator Courier Corporation's motion to dismiss. The facts giving rise to this appeal are as follows:

Appellee Purolator Courier Corporation ("Purolator") is a "motor transportation company" which is subject to regulation by the Public Utilities Commission ("commission"). R.C. 4921.02 and 4921.23. Appellant is a customer of the appellee.

On July 12, 1974, Purolator filed with the commission a six percent rate increase. Motor transportation companies seek rate increases in the same way as railroads in that they have the power to change established rates *ex parte*. R.C. 4909.17. On August 2, 1974, Federal Reserve Bank filed complaints with the commission alleging that Purolator's rates were in violation of R.C. 4905.26, 4907.35 and 4907.37 because they were unjust and unreasonable. The commission denied Federal Reserve Bank's request for suspension of Purolator's rates on September 5, 1974 so the rates became effective by operation of law. However, the commission initiated an investigation as to the tariff. Thereafter, Purolator filed several new tariffs with each one automatically taking effect even though the lawfulness of the preceding tariff was still under investigation by the commission. During the pendency of the commission proceedings, appellee had collected the increased rates.

Federal Reserve Bank challenged the procedure in which Purolator was allowed to file new tariffs despite the fact that the reasonableness of a prior rate increase was still under investigation. When the commission held that it was without power to reject a proposed rate increase, Federal Reserve Bank appealed to the Ohio Supreme Court.

In *Federal Reserve Bank* v. *Pub. Util. Comm.* (1976), 45 Ohio St. 2d 216 [74 O.O.2d 326], the Supreme Court held that the commission does not have the right to reject a rate filing so that it could not regulate Purolator's rates in advance. However, the court also held that the commission had to make "an independent determination of the reasonableness of each rate increase filed by Purolator." *Id.* at 226.

Subsequent to the Supreme Court's decision, the commission consolidated Federal Reserve Bank's complaints. In the commission's opinion and order of January 28, 1981, it found that Purolator's rates were unjust, unreasonable and unjustly discriminatory against the traffic of Federal Reserve Bank.[1] The commission ordered that the rates be changed prospectively.

---

[1] The Public Utilities Commission's conclusions of law are as follows:

"(1) The instant matter is properly before the Commission and the Commission possesses the requisite jurisdiction to hear and decide the issues raised in these consolidated proceedings.

"(2) In each of the rate investigations, Case No. 78-834-TR-AST, 75-272-TR-AST, and 75-1200-TR-SIN, Respondent Purolator Courier Corporation must establish by a preponderance of the evidence that its rate proposals are fair, just and reasonable.

"(3) In Case No. 74-693-TR-CAU, complainant Federal Reserve Bank of Cleveland must establish by a preponderance of the evidence that the rates prescribed by Respondent Purolator Courier Corporation discriminate against the Complainant's traffic.

"(4) In regard to the three rate protest matters, Purolator has not offered evidence to

On January 27, 1982, appellant filed its complaint alleging actual damages of over $1,000,000 and seeking treble damages in the court of common pleas pursuant to R.C. 4907.62[2] and 4905.61.[3] Purolator filed a motion to dismiss for failure to state a claim upon which relief can be granted. The trial court granted appellee's motion. It is upon this judgment that appellant has brought its appeal.

The issue before us on appeal is whether statutory treble damages arising out of the filing of unjust, unreasonable and discriminatory rates will lie where the rates were published in compliance with R.C. 4907.25 and became effective *ex parte.*

Appellant asserts the following three errors on appeal:

"1. The court below erred in holding that Revised Code Sections 4905.61 and 4907.62 do not provide a ratepayer with a remedy against a motor transportation utility for unlawfully charging unjust, unreasonable, and discriminatory rates in violation of Revised Code Sections 4907.24 and 4907.35.

"2. The court below erred in holding that the act of filing a rate schedule with the Commission renders the rates just, reasonable, and nondiscriminatory and immunizes the utility from liability under Revised Code Sections 4905.61 and 4907.62.

"3. The court below erred in holding that a violation of the Public Utilities Act 'as a whole' is a prerequisite for an action under Revised Code Sections 4905.61 and 4907.62."

Since these assignments of error are related in law and fact, they will be considered and determined together.

Appellee is a "motor transportation company" which comes within the purview of public utilities laws pursuant to R.C. 4905.02 and 4905.03(A)(3) which provide, respectively:

"As used in sections 4905.01 to 4905.69 of the Revised Code, 'public utility' includes every corporation, company, copartnership, person, or association, their lessees, trustees, or receivers, de-

---

meet its burden of proof as required under Section 4909.27, Revised Code.

"(5) Purolator's existing and past rates are and have been unjust and unreasonable in violation of Section 4907.24, Revised Code, which requires such rates to be just and reasonable.

"(6) The variance in rates between Item 190B and 210C in Supplement to PUCO 2 was in violation of Section 4907.35, and unjustly discriminated against the traffic of the Federal Reserve Bank.

"(7) PUCO 20, as it is presently constituted, is unreasonable and excessive and should be modified so as to be based upon lowered cost figures as set forth herein, provide for an increase volume discount up to 25 shipments, and provide a ratio of 89.5%."

[2] R.C. 4907.62 states:
"If a railroad does, causes, or permits anything prohibited by Chapters 4901., 4903., 4905., 4907., 4909., 4921., 4923., and 4925. of the Revised Code to be done, or omits doing

anything required to be done by such chapters, such railroad is liable to the person, firm, or corporation injured thereby in treble the amount of damages sustained in consequence of such violation or omission. A recovery provided by this section shall not affect a recovery by the state of the penalty prescribed for such violation."

[3] R.C. 4905.61 states:
"If any public utility or railroad does, or causes to be done, any act or thing prohibited by Chapters 4901., 4903., 4905., 4907., 4909., 4921., 4923., and 4925. of the Revised Code, or declared to be unlawful, or omits to do any act or thing required by such chapters, or by order of the public utilities commission, such public utility or railroad is liable to the person, firm, or corporation injured thereby in treble the amount of damages sustained in consequence of such violation, failure, or omission. Any recovery under this section does not affect a recovery by the state for any penalty provided for in such chapters."

fined in section 4905.03 of the Revised Code, including all telephone companies, but excepting such other public utilities as operate their utilities not for profit, such other public utilities as are owned or operated by any municipal corporation, and railroads as defined in sections 4907.02 and 4907.03 of the Revised Code."

"A motor transportation company, when engaged in the business of carrying and transporting persons or property or the business of providing or furnishing such transportation service, for hire, in or by motor-propelled vehicles of any kind, including trailers, for the public in general, over any public street, road, or highway in this state, except as provided in section 4921.02 of the Revised Code;"

It is appellant's contention that the trial court erroneously determined that treble damages are unavailable to a customer of a motor transportation company where the transportation company has promulgated tariffs which are later determined to be unjust and discriminatory by the Public Utilities Commission. Appellant predicates this claim upon appellee's admitted statutory infringements. The Public Utilities Commission determined that appellee had violated R.C. 4907.24 and 4907.35. These statutes provide:

"§ 4907.24 Adequate service and facilities.

"Each railroad shall furnish reasonably adequate service and facilities. The charges made for any service rendered or to be rendered in the transportation of passengers or property, for any service in connection therewith, or for the receiving, switching, delivering, storing, or handling of such property, *shall be reasonable and just. Every unjust and unreasonable charge for such service is prohibited.*" (Emphasis added.)

"§ 4907.35 Unjust discriminations; forfeiture.

"If a railroad, or an agent or officer of a railroad, by special rate, rebate, drawback, or by means of false billing, false classification, false weighing, or other device, charges, demands, collects, or receives, either directly or indirectly, from any person, firm, or corporation, a greater or less compensation for service rendered or to be rendered by such railroad for the transportation of persons or property or any service in connection therewith, than that prescribed in the published tariffs then in force, or established as provided in Chapters 4901., 4903., 4905., 4907., 4909., 4921., 4923., and 4925. of the Revised Code, or a greater or less compensation than it charges, demands, collects, or receives from any other person, firm, or corporation for a like and contemporaneous service in the transportation of a like kind of traffic, under substantially similar circumstances and conditions, *the railroad is guilty of unjust discrimination, which is hereby prohibited.* Upon conviction of unjust discrimination, such railroad shall forfeit and pay into the state treasury not less than one hundred nor more than five thousand dollars for each offense.

"No agent or officer of a railroad shall violate this section." (Emphasis added.)

There is no question but that motor transportation ˙ companies can change their tariffs *ex parte.* R.C. 4909.17. See, also, *Federal Reserve Bank of Cleveland, supra,* at 227. The statutory scheme requires that once the motor transportation company has filed its schedules, it *must* charge the rates set out in those schedules. R.C. 4905.32 and 4907.28. Those statutory sections must be construed with relation to the treble damages statutes. Appellee contends, and the trial court agrees, that it did not violate any laws at the time the rates were charged as the rates were lawfully promulgated at that time. Furthermore, appellee states that to repay any amount to appellant at this time would be tantamount to violating R.C. 4905.32 and 4907.28 which require affected companies to only charge the amounts set within the schedules.

We do not accept appellee's reasoning. It requires closer analysis. Appellee possessed the authority to set its own rates. It did so. In so doing it violated R.C. 4907.35 by charging appellant unreasonable, excessive and discriminatory rates. The rates filed by appellee have been declared unlawful by the Public Utilities Commission. Appellee claims that it would be unlawful for it to repay appellant for those excessive charges. Hence, appellee contends that it has no recourse but to retain them. Appellee further argues that it is not subject to the treble damages statutes for the reason that those statutes do not apply in this case. Obviously this places appellee, a wrongdoer, in a highly favorable position which may be summarized as follows. It may set excessive and discriminatory rates. It need not, indeed it is not permitted by law to repay those excessive rates to a customer. For performing such acts it is not subject to the treble damages statutes.

If the court adopts this reasoning we would have to conclude that not only is appellee shielded from liability for its own unlawful acts but also that appellee enjoys the protection of the law in permitting it to retain and be unjustly enriched by the profits accruing from its own unlawful acts. We do not believe this to be the intention of the General Assembly. To the contrary, this is why, we believe, the legislature enacted R.C. 4907.62 and 4905.61, the treble damages statutes, *i.e.,* to reach and discourage practices such as this.

When a statutory violation has occurred, the proper procedure is to file a complaint with the Public Utilities Commission. The Public Utilities Commission is vested with the power and jurisdiction to regulate public utilities. Once the complainant has successfully prosecuted its complaint before the commission, the court of common pleas may then hear the action and assess treble damages. *North Ridge Invest. Corp.* v. *Columbia Gas* (1973), 49 Ohio App. 2d 74 [3 O.O.3d 131]. But appellee asserts that the court of common pleas may only hear an action for treble damages when there has been a deviation from rates established pursuant to the statutes.[4] We do not agree.

The purpose behind the treble damage statute is to provide damages to parties injured by the acts of public utilities. *Ohio Public Interest Action Group* v. *Pub. Util. Comm.* (1975), 43 Ohio St. 2d 175 [72 O.O.2d 98]. While it is generally true that rate schedules filed under R.C. 4907.25 are generally binding as to the tariffs contained therein, when the tariffs are found to be unreasonable by the commission, customers are not deprived of a remedy. *Erie Railroad Co.* v. *Steinberg* (1916), 94 Ohio St. 189. A motor transportation company may not incorporate in its rates that which is in direct conflict with the provisions of other statutes.

Thus, appellee may not hide behind the "cloak of validity" of R.C. 4905.32 and 4907.28. The commission has determined that the rates charged by appellee were unjust, unreasonable and unjustly discriminated against the traffic of the Federal Reserve Bank. It is clear that the rates were also in violation of R.C. 4907.24 and 4905.35. Thus, the rates were in conflict with the "plain, express, positive and unequivocal provisions" of those statutes, and appellee cannot be exempted from the resulting harm to appellant. *Id.* at 199. The Ohio Supreme Court has held that a published tariff schedule does not immunize its proponent from liability when that schedule is in direct violation of positive law. See *Erie Railroad Co., supra,* and *Cleveland, Cin-*

---

[4] Appellee cites *Warner* v. *Baltimore & Ohio RR. Co.* (1911), 11 Ohio N.P. (N.S.) 487, for this proposition. While the Cuyahoga County Court of Common Pleas did state in *Warner* that punitive damages can be recovered only when there is violation of an established rate, we decline to follow that holding and find that the decision is not binding on this court.

cinnati, Chicago & St. Louis Ry. Co. v. Mills Bros. (1920), 101 Ohio St. 173.

The issues discussed here on appeal were addressed in 1956 Ohio Atty. Gen. Ops. No. 6209. The Ohio Attorney General has previously rendered his opinion on how the subject statutory labyrinth respecting rate schedules is to operate. While the problem involved at that time concerned a refund to shippers when a scheduled rate was found to be excessive and unreasonable, the Attorney General's analysis of the inherent conflict in the statutory language is relevant to a resolution of the case sub judice. While it is not binding in this court, we find its cogent analysis persuasive. That opinion stated that viewing the statutes as a whole, their intent is "to prevent unjust discrimination in the carriage of property by the establishment of just and uniform charges for the service rendered." However, to construe the statutes as a whole would require one to reject the proposition that R.C. 4907.28 allows a shipper to avoid the consequences of "a direct violation of positive law." The Attorney General concluded that an unjust or unreasonable charge for transportation was a violation of positive law. We find the reasoning sound. We conclude that it certainly follows that unjust discrimination is also a violation of positive law. R.C. 4907.28 can be harmoniously read with the other pertinent statutes in that it precludes motor transportation companies from discriminating among its shippers by granting a preference to certain shippers. It is further to be noted that appellant does not seek a refund of rates, but it seeks damages arising from the consequences of the unjust rates.

It is thus apparent that the violations of R.C. 4907.24 and 4905.35 are unlawful acts which allow appellant to seek treble damages within the court of common pleas.[5]

We believe that recent cases lend support to our statutory interpretation. In Milligan v. Ohio Bell Telephone Co. (1978), 56 Ohio St. 2d 191 [10 O.O.3d 352], complainant filed a complaint against Ohio Bell alleging that he had been charged an unjust and unreasonable rate and that there had been a wrongful termination of his service. He further alleged there had been an invasion of his privacy. Complainant sought treble damages pursuant to R.C. 4905.61. The Ohio Supreme Court held that the complainant must first bring his action (as to all but the invasion of privacy claims) to the commission. The court stated:

"Bringing suit for treble damages against a utility, therefore, is dependent upon a finding that there was a violation of a specific statute (R.C. 4905.22 in this cause) or an order of the commission. Because such finding is within the exclusive jurisdiction of the commission, paragraph one of the syllabus in State, ex rel. Northern Ohio Tel. Co., v. Winter (1970), 23 Ohio St. 2d 6 [52 O.O.2d 29], it follows that before a Court of Common Pleas has jurisdiction to hear a complaint for treble damages under R.C. 4905.61, there first must be a determination by the commission that a violation has in fact taken place. An award of treble damages based upon an independent finding by a Court of Common Pleas of a violation of such statute or order would be void." Id. at 194.

The court seemed to say by implication that if complainant had sought a determination by the commission that the rates were unjust and unreasonable, then the treble damages could have been sought in the court of common pleas. Since that initial determination was

---

[5] Appellee argues that an award of treble damages is too severe a penalty to be imposed in the case at bar. The General Assembly enacted these treble damages statutes to deter future violations. "A penalty which is not sufficiently severe to prevent frequent infractions of the law, falls short of its purpose." Alexander v. Chicago, Milwaukee & St. Paul Railway Co. (1920), 282 Mo. 236, 257.

sought and obtained by appellant in this case, it should be able to proceed to common pleas court and seek treble damages.

Finally, we approve of the reasoning of the Hamilton County Court of Appeals in *Lahke* v. *Cincinnati Bell, Inc.* (1981), 1 Ohio App. 3d 114. That court stated that the treble damages statutes extend subject matter jurisdiction to the courts after one of several designated statutes has been violated, and a complaint heard before the commission. Because in the instant case the commission found that appellee had violated two statutes, R.C. 4907.24 and 4907.35, the court of common pleas had jurisdiction to hear appellant's complaint and to award damages. The Hamilton County Court of Appeals discussed the policy reasons underlying the treble damages statute. The court stated that the treble damages statute was enacted, not to hinder the commission's power to regulate tariffs, but rather "aids in their enforcement by furnishing another incentive for the utility company to operate in accordance with PUCO's dictates." *Id.* at 117.

We therefore hold that an action lies against a motor transportation company for damages sustained by a customer due to unjust, unreasonable and discriminatory rates set by the carrier, and statutory treble damages may be awarded in accordance with R.C. 4905.61 and 4907.62 even though the rates charged were published by the carrier in schedules properly filed with the Public Utilities Commission. A motor transportation company cannot be allowed to take unfair advantage of the statutory scheme which allows it to publish rates *ex parte*.

The trial court's decision is reversed, and this case is remanded for proceedings consistent with this opinion.

*Judgment reversed and case remanded.*

PATTON, C.J., and ANN McMANAMON, J., concur.