MEEK et al., Appellants,

v.

GEM BOAT SERVICE, INC., n.k.a. Gem Beach Marina, Inc., Appellee.

[Cite as *Meek v. Gem Boat Serv., Inc.* (1993), 86 Ohio App.3d 322.]

Court of Appeals of Ohio,
Ottawa County.

No. 92–OT–010.

Decided Feb. 12, 1993.

*David R. Pheils, Jr.,* for appellants.

*Mark I. Wallach, Joseph A. Castrodale* and *Marilyn G. Zack,* for appellee.

HANDWORK, Judge.

This case has twice before been appealed to this court, has twice been remanded, and now returns to this court following yet another notice of appeal. Appellants, a class composed of water and sewer customers of appellee, Gem Boat Service, Inc., n.k.a. Gem Beach Marina, Inc., present one assignment of error for consideration:

"I.   The trial court erred by imposing sanctions against plaintiffs and plaintiffs' counsel."

To understand the atmosphere which existed when the trial court issued the judgment appellants now challenge, a brief review of the facts and procedure of this case must be given.

This case began when appellants filed a class action complaint in the Ottawa County Court of Common Pleas on September 11, 1987. The trial court certified the class in February 1988 and the first appeal was brought to this court to challenge the certification. This court issued a decision and journal entry on October 7, 1988, affirming the trial court's certification order and remanding the case for further proceedings. The case did proceed to jury trial, liability was found and damages were assessed, but appellee successfully challenged the judgment entry which awarded damages when appellee brought the second appeal in this case to this court. In a decision and journal entry dated September 14, 1990, this court ruled: (1) damages were improperly assessed; and (2) notice was not properly sent to class members pursuant to the provisions of Civ.R. 23(C)(2) because the notice was sent by appellants' attorney without any order of the court directing him to send notice. Since the trial court did not correct the error by directing proper notice be sent or by vacating the class certification order, the case was remanded for further proceedings. *Meek v. Gem Boat Serv., Inc.* (1990), 69 Ohio App.3d 404, 590 N.E.2d 1296. The trial court directed both appellee and appellants to prepare and file proposed notices to the class members in a pretrial order file stamped on May 6, 1991. Amended pleadings and the proposed notices were filed. On August 5, 1991 appellee filed a motion for sanctions "because of the misconduct of class counsel David R. Pheils, Jr." The memorandum in support of the motion showed that on May 29, 1991, the court approved the proposed notice to class members admitted by appellee. Appellee then asserted that it had "recently become aware that, without [the trial court's] authorization, Pheils sent out the court-directed notice to potential class members as an enclosure to his own personal cover letter and questionnaire." Appellee argued that appellants' counsel had once again violated the directives in Civ.R. 23(C)(2) that the trial court issue notice to potential class members directly, or order a party to issue notice pursuant to specific directions from the court. A memorandum in opposition to the motion for sanctions was filed. On January 24, 1992, the Ottawa County Court of Common Pleas issued a judgment entry in which it ordered: (1) that appellants' attorney David R. Pheils, Jr. be removed from further representation in the case; (2) that he also be barred from further participation in the case; (3) and that he make payment for the cost of the proceedings from the time of remand, including the cost of the improper mailing of notice, and for opposing counsel's attorney fees in the sum of $500. The trial court prefaced the sanctions order with a finding that appellants' counsel had "yet again sent out an improper notice to the prospective class members." The court explained it was imposing the sanctions "under its general equity powers, its inherent power to control the conduct of counsel, and as specifically authorized in Civil Rule 23 * * *."

In a case involving the review of a trial court's decision to revoke the *pro hac vice* admission of out of state attorneys the Supreme Court of Ohio recognized as a general principle of law that a "trial court's power to protect its pending proceedings includes the authority to dismiss an attorney who cannot, or will not, take part in them with a reasonable degree of propriety." *Royal Indemn. Co. v. J.C. Penney Co.* (1986), 27 Ohio St.3d 31, 34, 27 OBR 447, 449, 501 N.E.2d 617, 620. The court also stated: "A trial court has wide discretion in the exercise of its duty to supervise members of the bar appearing before it." *Id.* at 35, 27 OBR at 450, 501 N.E.2d at 621. The court then noted that the standard to be applied by an appellate court reviewing a trial court's order removing counsel from a case is an abuse of discretion. *Id.* An abuse of discretion " 'connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.' " *Calderon v. Sharkey* (1982), 70 Ohio St.2d 218, 219–220, 24 O.O.3d 322, 323, 436 N.E.2d 1008, 1010 (quoting *State v. Adams* [1980], 62 Ohio St.2d 151, 16 O.O.3d 169, 404 N.E.2d 144). The duty and authority of a trial court to govern the proceedings before it exists in every case. In addition, when a class action suit has been filed, courts have long recognized that an additional responsibility exists for the trial court to first ensure pursuant to Civ.R. 23(A)(4), which requires a finding that "the representative parties will fairly and adequately protect the interests of the class," that the named counsel for the class is capable of adequately representing the class during the proceedings. See *N. Am. Acceptance Corp. Securities Cases v. Arnall, Golden & Gregory* (C.A.5, 1979), 593 F.2d 642, 644.[1] After making an initial determination that the named attorneys for the class are capable of adequately representing the class, the court assumes a continuing duty to "scrutinize the class attorney to see that he is adequately protecting the interests of the class. If, at any time, the trial court realizes that class counsel should be disqualified, it is required to take appropriate action. It must either enter orders eliminating the problem or decertify the class." *Id.* at 645. Accordingly, this court will not reverse the actions of the trial court in this case absent a showing that an abuse of discretion occurred as the trial court carried out its responsibilities.

Appellants contend that attorney Pheils did nothing in this case which justified the trial court's imposition of sanctions. Rather, appellants contend that attorney Pheils was merely communicating with his clients and the communication was protected by the First Amendment. Appellants contend that the trial court's imposition of sanctions amounts to a restraint of free speech and constitutes error. Appellants' contentions are not persuasive.

---

1. The text of Civ.R. 23(A)(4) is identical to the text of Fed.R.Civ.P. 23(a)(4), so federal cases interpreting Fed.R.Civ.P. 23(a)(4) are instructive in this case.

This court has previously ruled that Civ.R. 23(C)(2) contains "mandatory language [which] indicates that the court must order that a notice be sent. However, we find nothing improper with the court ordering a party to send the notice." *Meek v. Gem Boat Service, Inc.* (1990), 69 Ohio App.3d 404, 410, 590 N.E.2d 1296, 1300. That statement of law was made in a previous decision relating to this case, and counsel for appellants was aware of that decision. The record shows that after that decision was announced by this court and the case was remanded to the trial court for further proceedings, the trial court did approve the language in an amended notice to be sent to the potential class members in this case. However, nothing in the record reflects any action taken by the court to either send the notice directly, or to order appellants' counsel to send the notice. Therefore, appellants' counsel's action of sending the notice, accompanied by a cover letter from counsel and a questionnaire drafted by counsel to the prospective class members, without prior court approval, resulted in the second commission of an error which had already required the reversal of this case for remedial action. The trial court did not act in an unreasonable, arbitrary or unconscionable manner, therefore, when it ruled that attorney Pheils's actions required his removal from the case and from further participation in the case, so that the court could protect the integrity of the proceedings.

Furthermore, the court did not commit an error of law, and did not act in an arbitrary, unreasonable or unconscionable manner when it determined that pursuant to Civ.R. 23, it had an obligation to remove attorney Pheils from the case. The court noted that the cover letter and questionnaire which were mailed by attorney Pheils with notice to the potential class members contained "misleading contents." The court noted that it now faced the difficult problem of setting right the frame of mind of the potential class members and of dispelling the self-serving misrepresentations contained in the cover letter and cover questionnaire. The court could reasonably conclude from these events that attorney Pheils was no longer competent to protect the interest of the class or to continue representation of the class.

■ Finally, this court finds that appellants' assertion that the trial court's actions were an infringement of First Amendment rights is without merit. The actions of the court did not constitute any prior restraint, as the communications had already occurred. In addition, the trial court did not impose the sanctions as a punishment for communicating with clients, rather it imposed the sanctions on attorney Pheils because attorney Pheils had demonstrated an unwillingness to conduct the case in a manner required by law, and an inability to adequately

represent the class members.[2] Appellants' sole assignment of error is not well taken. The trial court imposed no sanctions directly on appellants; rather, the trial court imposed sanctions only on appellants' counsel. In ordering the disqualification of appellants' counsel, the court acted responsibly, protecting the rights and interests of the class. See *In re Nissen Motor Corp. Antitrust Litigation* (1975), 22 Fed.R.Serv.2d 63, 66. The judgment of the Ottawa County Court of Common Pleas is affirmed. Attorney David R. Pheils, Jr. is ordered to pay the costs of this appeal.

*Judgment affirmed.*

ABOOD and MELVIN L. RESNICK, JJ., concur.

---

**2.** The cases cited by appellants in support of their contention that the actions of the trial court were in contravention to First Amendments rights are distinguishable from this case. In both *Gulf Oil Co. v. Bernerd* (1981), 452 U.S. 89, 101 S.Ct. 2193, 68 L.Ed.2d 693, and *Domingo v. New England Fish Co.* (C.A.9, 1984), 727 F.2d 1429, the trial courts had imposed specific directives prohibiting the class counsel from unauthorized communication with potential class members. The trial court in this case imposed no such directive, and nothing in the record before the court indicates that appellants' counsel was prohibited from general communication with potential class members. Rather, the record reflects that the trial court imposed the sanctions because counsel improperly sent notice of the class action to potential class members without a court order, and included misleading statements in communications sent to potential class members which indicated an inability of the counsel to adequately represent the class.