Pfeifer, J.
Factual and Procedural Background
{¶ 1} Appellant, Westside Cellular, Inc., d.b.a. Cellnet, is a cellular telephone service reseller. As such, it purchases cellular service on a wholesale basis, rebrands the service, and markets it on a retail basis. On October 18, 1993, Cellnet filed a complaint with the Public Utilities Commission of Ohio against wholesale cellular service providers, including Cincinnati SMSA Limited Partnership, d.b.a. Ameritech Mobile (“Ameritech”). The final amended complaint consisted of ten counts asserting that Ameritech and another wholesale cellular service provider, New Par and related companies, had discriminated against Cellnet by unlawfully providing cellular service, equipment, and features to their own retail operations at rates, terms, and conditions more favorable than those that they made available to Cellnet. In its January 18, 2001 opinion and order in case No. 93-1758-RC-CSS, the commission broadly agreed with Cellnet’s assertions of unlawful discriminatory practices. The commission further held that Ameritech and the New Par companies, in violation of commission rules and regulations and Ohio statutes, had discriminated against Cellnet by providing retail cellular service to end users at rates and upon terms and conditions more favorable than those that they made available to Cellnet.
{¶ 2} The extent of the damages to Cellnet caused by Ameritech’s violations will be established in the lawsuit for damages that has been brought in the Cuyahoga County Court of Common Pleas. A central issue in that calculation is the time period over which Ameritech discriminated against Cellnet. The commission found that with respect to Counts II (discrimination as to wholesale customers), V (discrimination in relation to retail customers), and IX (failure to make service available), the relevant time frame was 1995 to 1998. Cellnet asserted that the appropriate time frame was 1993 to 1998. The commission limited the time frame to 1995 to 1998 becahse it believed that the first substantive discussions between Ameritech and Cellnet regarding specific terms and conditions of service did not occur until sometime in 1995. Cellnet appeals that issue to this court. This is an appeal as of right.
*167 Law and Analysis
{¶ 3} The dispute as to the relevant time period during which Cellnet could have suffered economic injury as a result of Ameriteeh’s refusal to provide service or its provision of service only on a discriminatory basis is grounded in the commission’s conclusion that no such injury could have occurred until Cellnet made a formal request for service or, at the least, made it known to Ameritech that Cellnet wished to act as a reseller and considered Ameritech to be denying nondiscriminatory service to Cellnet. No party to this appeal has challenged that aspect of the commission’s conclusion. The only challenge has been to the commission’s determination of the beginning of the period during which Cellnet may have suffered economic injury.
{¶ 4} In the order the commission concluded that “Cellnet did not initially formally pursue the opportunity to serve” as a reseller of Ameritech’s service and that Cellnet’s efforts prior to the 1995 discussions with Ameritech consisted merely of “informal inquiry regarding the possibility of becoming a reseller.” The commission’s conclusion ignored one earlier effort by Cellnet in which it quite formally and unequivocally communicated not only to Ameritech, but also to the commission, its desire to become an Ameritech service reseller on a nondiscriminatory basis, and that Cellnet considered Ameritech to be denying Cellnet that service. That earlier effort was Cellnet’s October 18, 1993 complaint that resulted seven years later in the commission’s order that is the subject of this appeal.
{¶ 5} Later, the commission specifically addressed the issue of Cellnet’s complaint as follows in its entry on rehearing:
{¶ 6} “The Commission rejects Cellnet’s assertions that, through the filing of its complaint in 1993, its intentions were clearly stated. The filing of a complaint is no substitute for a formal request for service.”
{¶ 7} The issue before us is whether the commission’s position as to the Cellnet complaint was reasonable and lawful. As we acknowledged in AK Steel Corp. v. Pub. Util. Comm. (2002), 95 Ohio St.3d 81, 84, 765 N.E.2d 862:
{¶ 8} “As the court said recently in Cincinnati Bell Tel. Co. v. Pub. Util. Comm. (2001), 92 Ohio St.3d 177, 179-180, 749 N.E.2d 262, 264-265:
{¶ 9} “ “We have consistently refused to substitute our judgment for that of the commission on evidentiary matters. Cincinnati Gas & Elec. Co. v. Pub. Util. Comm. (1999), 86 Ohio St.3d 53, 711 N.E.2d 670; Dayton Power & Light Co. v. Pub. Util. Comm. (1983), 4 Ohio St.3d 91, 4 OBR 341, 447 N.E.2d 733; Columbus v. Pub. Util. Comm. (1959), 170 Ohio St. 105, 10 O.O.2d 4, 163 N.E.2d 167. Traditionally, we have deferred to the judgment of the commission in instances involving the commission’s special expertise and its exercise of discretion, when *168 the record supports either of two opposing positions. AT&T Communications of Ohio, Inc. v. Pub. Util. Comm. (1990), 51 Ohio St.3d 150, 555 N.E.2d 288; Dayton Power & Light Co. v. Pub. Util. Comm. (1962), 174 Ohio St. 160, 21 O.O.2d 427, 187 N.E.2d 150. We have held that we will reverse a commission order only where it is unreasonable, unlawful, or against the manifest weight of the evidence or shows misapprehension, mistake, or willful disregard of duty. Cincinnati Gas & Elec. Co., 86 Ohio St.3d 53, 711 N.E.2d 670; Ohio Edison Co. v. Pub. Util. Comm. (1992), 63 Ohio St.3d 555, 589 N.E.2d 1292; see R.C. 4903.13.’ ”
{¶ 10} While an evidentiary matter, the adequacy of Cellnet’s complaint to trigger Ameritech’s liability exposure is a mixed question of fact and law appropriate for this court’s consideration and determination. We hold that the commission’s conclusion that, as a matter of fact and law, Cellnet’s October 18, 1993 complaint did not constitute a sufficiently formal written notice to Ameritech of Cellnet’s desire to be a retail seller of Ameritech’s wholesale cellular service was unlawful, unreasonable, and against the manifest weight of the evidence and shows mistake or misapprehension on the commission’s part. Therefore, we reverse the commission and hold that the applicable time frame commenced October 18,1993, the date of Cellnet’s complaint.
Order reversed.
Moyer, C.J., Douglas, Farmer and F.E. Sweeney, JJ., concur.
Cook, J., dissents.
Lundberg Stratton, J., dissents.
Sheila G. Farmer, J., of the Fifth Appellate District, sitting for Resnick, J.