CINCINNATI SMSA LIMITED PARTNERSHIP, A.K.A. AMERITECH, APPELLANT, *v.*
PUBLIC UTILITIES COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *Cincinnati SMSA L.P. v. Pub. Util. Comm.*, 98 Ohio St.3d 282, 2002-Ohio-7235.]

*Public Utilities Commission — Wholesale cellular telephone service resales —*
*Ohio law not preempted by Section 332(c)(3)(A), Title 47, U.S.Code.*

(No. 2001-1158 — Submitted November 13, 2002 — Decided December 30, 2002.)

APPEAL from the Public Utilities Commission of Ohio, No. 93-1758-RC-CSS.

_____

FRANCIS E. SWEENEY, SR., J.

{¶1} This is an appeal as of right. The appellant is Cincinnati SMSA Limited Partnership ("Ameritech"). The appellees are the Public Utilities Commission of Ohio ("commission") and intervenor Westside Cellular, Inc. ("Cellnet").

{¶2} Cellnet is a cellular telephone service reseller. As such, it purchases cellular service on a wholesale basis, rebrands the service, and markets it to the general public on a retail basis. On October 18, 1993, Cellnet filed a complaint in commission case No. 93-1758-RC-CSS against wholesale cellular service providers, including Ameritech. The complaint asserted that Ameritech discriminated against Cellnet. In its January 18, 2001 opinion and order ("the order"), the commission generally agreed with Cellnet's assertions and held that Ameritech, in violation of commission orders and regulations and Ohio statutes, unlawfully discriminated against Cellnet.

**{¶3}** This appeal has significant similarities to the appeal in *New Par v. Pub. Util. Comm.*, 98 Ohio St.3d 277, 2002-Ohio-7245, 781 N.E.2d 1008 (the *New Par* appeal). While the appellant here is Ameritech, the appellants in the *New Par* appeal were multiple entities. However, the appellants in both appeals were wholesale cellular telephone service providers and were respondents in the Cellnet complaint that resulted in the order that is the subject of both appeals.

**{¶4}** In this appeal, Ameritech argues that the order is unlawful because (1) the commission's jurisdiction was preempted by federal law; (2) the commission's decision was not supported by evidence; (3) the commission should have sua sponte adjourned the evidentiary hearing and ordered Ameritech to produce evidence of its internal rate once it had become clear that Ameritech had failed to produce evidence of any internal rate; and (4) the commission based part of its decision on regulations that Ameritech claims are invalid because they were not properly promulgated.

**{¶5}** In the *New Par* appeal, we considered the first, second, and fourth issues and disposed of them in favor of the commission, finding no reversible error. As to the first issue, that of federal preemption, Ameritech in this appeal makes all of the arguments made by New Par. It argues that the commission's order under Ohio law was preempted by Section 332(c)(3)(A), Title 47, U.S.Code, because the commission engaged in rate-setting when it determined Ameritech's internal wholesale rate to be zero. However, Ameritech's argument is based on a fallacy; to the extent that Ameritech's internal wholesale rate was set at zero, it was so set by Ameritech, not by the commission. The commission merely determined that the internal wholesale rate was zero based on examinations of Ameritech's accounting records (or lack thereof) and consideration of testimony of Ameritech witnesses. This determination did not constitute preempted rate-setting by the commission. Therefore, we reject Ameritech's second additional preemption argument.

**{¶6}** Having rejected Ameritech's additional argument for preemption, we hereby adopt the analysis and legal conclusions set forth in our opinion in the New Par appeal to affirm the commission's order with respect to the following issues as set forth above: (1) federal preemption, (2) conclusions supported by sufficient probative evidence, and (3) validly established regulations.

**{¶7}** Remaining is the third issue of asserted error by Ameritech, that the commission should have sua sponte adjourned the evidentiary hearing and ordered Ameritech to produce evidence of its internal rate once it had become clear that Ameritech had failed to produce any evidence of its internal rate. Not only is Ameritech's third asserted error counterintuitive, there is no legal support for it. We reject this argument as we have rejected Ameritech's other assertions of error.

**{¶8}** Therefore, we affirm the order of the commission.

Order affirmed.

MOYER, C.J., DOUGLAS, FARMER, PFEIFER and LUNDBERG STRATTON, JJ., concur.

COOK, J., concurs in judgment only.

SHEILA G. FARMER, J., of the Fifth Appellate District, sitting for RESNICK, J.

_____

Jon F. Kelly and Calfee, Halter & Griswold, L.L.P., Mark I. Wallach, Kevin M. Sullivan, James F. Lang and Seamus C. Duffy, for appellant.

Betty D. Montgomery, Attorney General, Steven T. Nourse, Duane M. Luckey, Kimberly A. Danosi and Thomas W. McNamee, Assistant Attorneys General, for appellee Public Utilities Commission of Ohio.

Hahn, Loeser & Parks, L.L.P., Robert J. Fogarty, Randy J. Hart, Mark D. Griffin; Tricarichi & Carnes and Carla M. Tricarichi, for intervening appellee, Westside Cellular, Inc.

_____