JOURNAL ENTRY and OPINION
{¶ 1} Plaintiffs-appellants, Cleveland Mobile Radio Sales, Inc. and Tele-Trak (collectively, "Cleveland Mobile"), appeal the trial court's dismissal of their complaint for treble damages. Finding merit to the appeal, we reverse.
 {¶ 2} In February 2004, Cleveland Mobile commenced the underlying action against defendants-appellees, Verizon Wireless a/k/a New Par ("Verizon"), Ameritech Mobile Communications, LLC and Cincinnati SMSA Limited Partnership (collectively, "Ameritech"), seeking treble damages pursuant to R.C. 4905.61. In support of its action, Cleveland Mobile relied on a January 18, 2001 Opinion and Order of the Public Utilities Commission of Ohio (the "PUCO") entered in In the Matter of the Complaintof Westside Cellular, Inc. d/b/a Cellnet, PUCO Case No. 93-1758-RL-CSS, wherein the PUCO found that the defendants had violated commission orders and R.C. 4905.22, 4905.33, and 4905.35 by engaging in price discrimination.[1] In December 2002, in three separate cases, the Ohio Supreme Court upheld the PUCO's findings regarding the defendants' unlawful price discrimination and further held that the unlawful acts occurred from 1993 through 1998, as opposed to the commission's finding of 1995 through 1998. See Westside Cellular, Inc. v. Pub. Util. Comm.,98 Ohio St.3d 165, 2002-Ohio-7119; Cincinnati SMSA L.P. v. Pub. Util.Comm., 98 Ohio St.3d 282, 2002-Ohio-7235; New Par v. Pub. Util. Comm.,98 Ohio St.3d 277, 2002-Ohio-7245.
 {¶ 3} In April 2004, Ameritech moved to dismiss the complaint, arguing that an action under R.C. 4905.61 was subject to a one-year statute of limitations as provided in R.C. 2305.11, thereby rendering Cleveland Mobile's suit time-barred.[2] In response, Cleveland Mobile contended the action was governed by R.C. 2305.07 because R.C. 4905.61 was a remedial statute, not a penal statute and, therefore, subject to a six-year statute of limitations. The trial court disagreed and granted Ameritech and Verizon's motion to dismiss.
 {¶ 4} Cleveland Mobile appeals, raising two assignments of error. It contends that the trial court erred in granting the motions to dismiss because the action was subject to a six-year statute of limitations and, therefore, was not time-barred. In the alternative, it claims that the statute of limitations period did not begin to run until the Ohio Supreme Court's decision in 2002.
 {¶ 5} When reviewing a judgment granting a Civ.R. 12(B)(6) motion, an appellate court must independently review the complaint to determine whether dismissal was appropriate. Decisions on Civ.R. 12(B)(6) motions are not findings of fact, but are rather conclusions of law. State ex.rel. Drake v. Athens Cty. Bd. of Elections (1988), 39 Ohio St.3d 40. An appellate court need not defer to the trial court's decision in Civ.R. 12(B)(6) cases. McGlone v. Grimshaw (1993), 86 Ohio App.3d 279, citingAthens Cty. Bd. of Elections, supra.
 {¶ 6} In order to prevail on a Civ.R. 12(B)(6) motion, it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recover. A court is confined to the averments set forth in the complaint and cannot consider outside evidentiary materials. Greeley v. Miami Valley Maintenance Contrs. Inc. (1990),49 Ohio St.3d 228; State ex rel. Plaza Interiors v. City of WarrensvilleHeights (May 24, 2001), Cuyahoga App. No. 78267; Wickliffe Country Placev. Kovacs, 146 Ohio App.3d 293, 2001-Ohio-4302; Frost v. Ford (July 12, 2001), Franklin App. No. 00AP-1205. Moreover, a court must presume that all factual allegations set forth in the complaint are true and must make all reasonable inferences in favor of the nonmoving party. Mitchellv. Lawson Milk Co. (1988), 40 Ohio St.3d 190; Kennedy v. Heckard,
Cuyahoga App. No. 80234, 2002-Ohio-6805.
 {¶ 7} R.C. 4905.61, which does not contain an explicit statute of limitations, provides:
"If any public utility or railroad does, or causes to be done, any act or thing prohibited by Chapters 4901., 4903., 4905., 4907., 4909., 4921., 4923., and 4925. of the Revised Code, or declared to be unlawful, or omits to do any act or thing required by such chapters, or by order of the public utilities commission, such public utility or railroad is liable to the person, firm, or corporation injured thereby in treble the amount of damages sustained in consequence of such violation, failure, or omission. Any recovery under this section does not affect a recovery by the state for any penalty provided for in such chapters."
 {¶ 8} Because R.C. 4905.61 does not contain its own statute of limitations, we must turn to Chapter 2305 of the Revised Code for the appropriate limitations period. See Cosgrove v. Williamsburg of CincinnatiMgt. Co., Inc., 70 Ohio St.3d 281, 282, 1994-Ohio-295. R.C. 2305.07
provides in relevant part that, "an action upon * * * a liability created by statute other than a forfeiture or penalty * * * shall be brought within six years after the cause of action accrued." In contrast, R.C.2305.11(A) sets a statute of limitations of one year for "an action upon a statute for a penalty or forfeiture." Thus, the applicable statute of limitations depends on whether R.C. 4905.61 creates a statutory liability or whether it is a "statute for a penalty," i.e., whether it is a remedial statute or a penalty statue. Cosgrove, supra, at 283.
 {¶ 9} Relying on the Ohio Supreme Court's recent decision in Rosettev. Countrywide Home Loans, Inc., 105 Ohio St.3d 296, 2005-Ohio-1736, Cleveland Mobile argues that R.C. 4905.61 is remedial because it expressly provides for "damages" as opposed to a "penalty" or "forfeiture." In Rosette, the Ohio Supreme Court held that R.C. 5301.36(C), which allows a mortgagor to recover $250 in damages against a mortgagee who fails to timely record the satisfaction of a residential mortgage, irrespective of his or her actual damages, is a remedial statute.[3] In construing the intent of the legislature, the Court relied on the express language of the statute which provides that a mortgagor "in a civil action" may sue for "damages." Based on this language, the Court reasoned that the legislature's intent was clearly to provide a remedy to an aggrieved individual, rather than to impose a penalty upon the wrongdoer. In refusing to find otherwise, the Court explained:
"To conclude that R.C. 5301.36(C) creates a penalty, this court would have to delete the term `damages,' a word used by the legislature, and insert the term `penalty' or `forfeiture,' words not chosen by the legislature. Doing so would flout our responsibility to give effect to the words selected by the legislature in enacting a statute.
Clearly, the General Assembly could have used the term `penalty' or `forfeiture' if it had intended R.C. 5301.36(C) to create an action for a penalty or forfeiture. Indeed, the legislature has used such penalty/forfeiture language in other statutes. See R.C. 1321.56 (`any person who willfully violates section 1321.57 of the Revised Code shallforfeit to the borrower the amount of interest paid by the borrower'); see, also, R.C. 149.351(B)(2) (providing that any person aggrieved by the removal, destruction, transfer, or mutilation of a public record may bring a civil action to recover a `forfeiture in the amount of one thousand dollars for each violation'). (Emphasis added.) To presume that the legislature meant `penalty' or `forfeiture' when it used the term `damages' is to presume imprecision on the part of the General Assembly. We decline to make such a presumption in this case." Id. at 298-299.
 {¶ 10} Ameritech and Verizon argue that Rosette is inapplicable to the instant case because it did not address treble damages and, therefore, applies only in the context of "liquidated damages." They further argue that Ohio law has long recognized that treble damages are punitive in nature, thereby warranting the application of a one-year statute of limitations pursuant to R.C. 2305.11. Moreover, they contend that the only Ohio case to address this issue, Usternal v. Gem Boat Service, Inc.
(Nov. 20, 1992), Ottawa App. No. 91-OT-051, found R.C. 4905.61 to be a penal statute and, accordingly, they urge this court to follow the Sixth Appellate District's decision. However, we find these arguments unpersuasive.
 {¶ 11} The Ohio Supreme Court has repeatedly recognized that most legislation "`has a dual purpose of remedying harm to the individual and deterring socially inimical business practices.'" Cosgrove, supra at 288, (Resnick, J., concurring), quoting Porter v. Household Fin. Corp. ofColumbus (S.D. Ohio, 1974), 385 F. Supp. 336, 342. See, also Rice v.CertainTeed Corp., 84 Ohio St.3d 417, 421, 1999-Ohio-361. Thus, the mere fact that an Act has a deterrent aim, does not render it penal. Id. Rather, the critical factor in classifying a statute as penal or remedial is its primary purpose. Id.
 {¶ 12} Accordingly, while we recognize that the imposition of treble damages operates as a deterrent and punishes the wrongdoer, we cannot say that this alone renders R.C. 4905.61 penal. Indeed, the Ohio Supreme Court has declared that even when a statute allows punitive damages, it is not rendered penal. See Rice, supra. "`"[A] law is not penal merely because it imposes an extraordinary liability on a wrongdoer in favor of a person wronged, which is not limited to damages suffered by him."'" Id., citing Cosgrove, supra, at 289, quoting Floyd v. DuBois Soap Co.
(1942), 139 Ohio St. 520, 523.
 {¶ 13} Moreover, contrary to Ameritech and Verizon's assertions, we find that the Ohio Supreme Court's analysis in Rosette applies equally in this case. Thus, in determining whether R.C. 4905.61 is a remedial or penal statute, we "must look to the language of the statute, giving effect to the words used and not deleting words or using words not used."Rosette, supra, at ¶ 12, citing Rice v. CertainTeed Corp.,84 Ohio St.3d 417, 419, 1999-Ohio-361; Cline v. Ohio Bur. of MotorVehicles (1991), 61 Ohio St.3d 93, 97. In doing so, we note that the legislature chose the word "damages" in describing the liability of a public utility for violating Chapter 4905, rather than "penalty" or "forfeiture." Thus, like the statute at issue in Rosette, the language indicates that the statute was not intended to inflict a penalty, but rather, allow an aggrieved party to recover damages. See, also,Pittsburgh, Ft. Wayne Chicago Railway Co. v. Methven (1871),21 Ohio St. 586, syllabus 2 ("If a statute in the nature of a police regulation gives a remedy for private injuries resulting from the violations thereof, and also imposes fines and penalties at the suit of the public for such violations, the former will not be regarded in the nature of a penalty unless so declared." (Emphasis added). Accordingly, we find that the plain language of R.C. 4905.61 demonstrates that the primary purpose of the statute is remedial. Cf. Ohio Pub. Interest ActionGroup, Inc. v. Pub. Util. Comm. (1975), 43 Ohio St.2d 175, 185 ("The evidence purpose of [R.C. 4905.61] is to provide damages to parties injured by the acts of utilities * * *.")
 {¶ 14} Moreover, we find that the statute's reference to the State's right to pursue an action for a penalty, irrespective of a person's or a corporation's right to recover treble damages, further supports our finding that the statute is remedial. The existence of a separate statute, i.e., R.C. 4905.99(C), which establishes penalties which may be pursued by the State when a utility violates various provisions of Chapter 4905, including R.C. 4905.22 through 4905.51, indicates that R.C. 4905.61
was primarily intended to compensate wronged parties.[4] Notably, no other provision under the chapter allows an aggrieved party to recover compensation for the wrongdoing of a public utility. Thus, the allowance of the recovery of treble damages for a person or corporation wronged by a public utility, as opposed to the State's right to pursue an action, convincingly demonstrates that the statute was intended to redress individual wrongs, thereby making it remedial. See Huntington v. Attrill
(1892), 146 U.S. 657 (penal laws redress wrongs to the State, not to the individual).
 {¶ 15} Likewise, we do not find the Sixth Appellate District's decision in Usternal to be persuasive. In finding R.C. 4905.61 to be penal, the Usternal court relied on a line of cases finding that treble damages are punitive in nature, and, thus, a provision which provides for such damages is penal. However, the Ohio Supreme Court subsequently rejected the claim that a statute which allowed punitive damages was presumptively penal. Rice, supra. Accordingly, we decline to apply the holding of Usternal to the instant case.
 {¶ 16} The first assignment of error is sustained.
 {¶ 17} The second assignment of error, which challenges the date on which the statute of limitations began to run, is rendered moot.
Judgment reversed and case remanded for further proceedings.
It is, therefore, considered that said appellants recover of said appellees the costs herein.
It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ROCCO, J. CONCURS WITH JUDGE COONEY'S OPINION (SEE SEPARATE CONCURRINGOPINION);
 GALLAGHER, J. CONCURS IN JUDGMENT ONLY AND DISSENTS (SEE SEPARATECONCURRING AND DISSENTING OPINION)
[1] Notably, "before a Court of Common Pleas has jurisdiction to hear a complaint for treble damages under R.C. 4905.61, there first must be a determination by the commission that a violation has in fact taken place". Milligan v. Ohio Bell Tel. Co. (1978), 56 Ohio St.2d 191, 194.
[2] Verizon also joined in the motion, seeking dismissal of Cleveland Mobile's complaint because the statute of limitations period had expired.
[3] R.C. 5301.36(C) states: "If the mortgagee fails to comply with division (B) of this section, the mortgagor may recover, in a civil action, damages of two hundred fifty dollars. This division does not preclude or affect any other legal remedies that may be available to the mortgagor."
[4] Although this argument was expressly rejected in Usternal, we find that our conclusion here is supported by recent Ohio Supreme Court decisions, i.e., Rice, supra, and Rosette, supra.
 CONCURRING OPINION