CLEVELAND MOBILE RADIO SALES, INC., ET AL., APPELLEES, *v.* VERIZON WIRELESS, A.K.A. NEW PAR, ET AL., APPELLANTS.

DISCOUNT CELLULAR, INC., APPELLEE, *v.* AMERITECH MOBILE COMMUNICATIONS, INC., ET AL., APPELLANTS.

[Cite as *Cleveland Mobile Radio Sales, Inc. v. Verizon Wireless*, 113 Ohio St.3d 394, 2007-Ohio-2203.]

(Nos. 2005–2299 and 2005–2302—Submitted January 9, 2007—Decided May 23, 2007.)

———

O'CONNOR, J.

{¶ 1} In this matter, we address whether claims brought pursuant to provisions of the Revised Code identified in R.C. 4905.61 are subject to the one-year statute of limitations set forth in R.C. 2305.11 or the six-year statute of limitations found in R.C. 2305.07. We conclude that R.C. 4905.61 is a penalty statute and that the one-year statute of limitations in R.C. 2305.11 applies to it. Accordingly, we reverse the decision of the court of appeals.

## RELEVANT BACKGROUND

{¶ 2} The appellees in these consolidated actions, Discount Cellular, Cleveland Mobile Radio Sales, Inc., and Tele–Trak (collectively, "Cleveland Mobile"), are cellular-telephone-service resellers. Their business includes the purchase of wholesale cellular telephone service and the rebranding and marketing of that service for retail resale to the public. Appellants, Ameritech Mobile Communications, Inc., and Cincinnati SMSA Limited Partnership (collectively, "Ameritech"), AirTouch Cellular Eastern Region, L.L.C., and Verizon Wireless, a.k.a. New Par (collectively, "Verizon"), provide wholesale and retail cellular telephone service.

{¶ 3} In December 2003, Discount Cellular filed a complaint against Ameritech in the Cuyahoga County Court of Common Pleas. Six weeks later, in February 2004, Cleveland Mobile filed a complaint against Verizon, Ameritech, and Air-Touch Cellular Eastern Region, L.L.C., in the same court. In both actions, the appellees sought treble damages under R.C. 4905.61, which provides: "If any public utility or railroad does, or causes to be done, any act or thing prohibited by Chapters 4901., 4903., 4905., 4907., 4909., 4921., 4923., and 4925. of the Revised Code, or declared to be unlawful, or omits to do any act or thing required by such chapters, or by order of the public utilities commission, such public utility or railroad is liable to the person, firm, or corporation injured thereby in treble the amount of damages sustained in consequence of such violation, failure, or omission. Any recovery under this section does not affect a recovery by the state for any penalty provided for in such chapters." In support of their claims, the appellees relied on an order by the Public Utilities Commission of Ohio, *In re Complaint of Westside Cellular, Inc. v. New Par Cos.*, PUCO No. 93–1758–RC–CSS, Jan. 18, 2001 (*"Cellnet"*), that had found that Ameritech and Verizon had violated commission orders and portions of R.C. Chapter 4905 by engaging in unlawful discriminatory pricing.[1] In three separate cases, we affirmed the commission's order but found that the unlawful acts had occurred from 1993 though 1998 rather than from 1995 through 1998, as the commission had found. *Westside Cellular, Inc. v. Pub. Util. Comm.*, 98 Ohio St.3d 165, 2002-Ohio-7119, 781 N.E.2d 199, ¶ 10; *Cincinnati SMSA Ltd. Partnership v. Pub. Util. Comm.*, 98 Ohio St.3d 282, 2002-Ohio-7235, 781 N.E.2d 1012, ¶ 2; *New Par v. Pub. Util. Comm.*, 98 Ohio St.3d 277, 2002-Ohio-7245, 781 N.E.2d 1008, ¶ 2.

---

1. "[B]efore a Court of Common Pleas has jurisdiction to hear a complaint for treble damages under R.C. 4905.61, there first must be a determination by the commission that a violation has in fact taken place." *Milligan v. Ohio Bell Tel. Co.* (1978), 56 Ohio St.2d 191, 194, 10 O.O.3d 352, 383 N.E.2d 575. Although the appellees were not parties to *Cellnet*, we have not found that R.C. 4905.61 precludes nonparties from filing an action for treble damages based on prior commission orders.

{¶ 4} Ameritech and Verizon moved to dismiss the appellees' complaints, arguing that the claims are barred by the one-year statute of limitations set forth in R.C. 2305.11, which governs actions involving statutes "for a penalty or forfeiture." Appellees opposed the motions, arguing that the six-year statute of limitations set forth in R.C. 2305.07 applies because R.C. 4905.61 is a remedial statute. The court of common pleas granted the motions to dismiss, finding that the statute was penal.

{¶ 5} The court of appeals reversed. It held that R.C 4905.61 is a remedial statute because the statute is intended to address individual wrongs and refers to "damages" rather than to a "penalty" or "forfeiture." It thus concluded that the six-year statute of limitations applied and that the claims had been dismissed improperly by operation of the one-year statute of limitations. *Discount Cellular, Inc. v. Ameritech Mobile Communications, Inc.*, Cuyahoga App. No. 85618, 2005-Ohio-5437, 2005 WL 2589998; *Cleveland Mobile Radio Sales, Inc. v. Verizon Wireless*, Cuyahoga App. No. 85620, 2005-Ohio-5439, 2005 WL 2600635. We accepted discretionary jurisdiction over both cases and sua sponte consolidated them for briefing, argument, and decision. *Cleveland Mobile Radio Sales, Inc. v. Verizon Wireless*, 108 Ohio St.3d 1508, 2006-Ohio-1329, 844 N.E.2d 854.

ANALYSIS

{¶ 6} R.C. 4905.61, the treble-damages statute, does not contain a statute of limitations. Accordingly, we turn to R.C. Chapter 2305 to determine the appropriate limitations period. See *Cosgrove v. Williamsburg of Cincinnati Mgt. Co., Inc.* (1994), 70 Ohio St.3d 281, 282, 638 N.E.2d 991.

{¶ 7} R.C. 2305.07 provides: "[A]n action upon * * * a liability created by statute other than a forfeiture or penalty * * * shall be brought within six years after the cause thereof accrued." In contrast, R.C. 2305.11(A) provides for a one-year statute of limitations for "an action upon a statute for a penalty or forfeiture." As the court of appeals noted in considering which statute of limitations applies, the salient question is whether R.C. 4905.61 "creates a statutory liability or whether it is a 'statute for a penalty,' i.e., whether it is a remedial statute or a penalty statu[t]e." *Discount Cellular, Inc.*, Cuyahoga App. No. 85618, 2005-Ohio-5437, 2005 WL 2589998, ¶ 8, citing *Cosgrove*, 70 Ohio St.3d at 283, 638 N.E.2d 991.

{¶ 8} In concluding that the statute was governed by the six-year statute of limitations, the court of appeals relied primarily on our decision in *Rosette v. Countrywide Home Loans, Inc.*, 105 Ohio St.3d 296, 2005-Ohio-1736, 825 N.E.2d 599. There, we concluded that R.C. 5301.36(C) is a remedial statute and thus subject to the six-year statute of limitations set forth in R.C. 2305.07. *Rosette*, 105 Ohio St.3d 296, 2005-Ohio-1736, 825 N.E.2d 599, syllabus.

{¶ 9} Our holding in *Rosette* was based on the plain language of that statute, which provides, "[A] mortgagor may recover, in a civil action, damages of two hundred and fifty dollars" if a mortgagee failed to record the satisfaction of a residential mortgage with the county recorder within ninety days of satisfaction. See R.C. 5301.36(C).[2] Indeed, we focused expressly on the clear statutory language and the fact that had the General Assembly intended to do so, it could have used the term "forfeiture" or "penalty" rather than "damages" in the statute. *Rosette*, 105 Ohio St.3d 296, 2005-Ohio-1736, 825 N.E.2d 599, ¶ 13–14. We reasoned that in enacting the statute and choosing the particular words that were codified in it, the legislature intended to provide a remedy to an aggrieved individual mortgagor rather than to impose a penalty upon the wrongdoing mortgagee. We held that to conclude that the General Assembly had intended to create a penalty in R.C. 5301.36(C) rather than to provide for damages, we would be required to ignore the plain term "damages" in the statutory language and to insert the term "penalty" or "forfeiture" into the statute. We declined to do so, noting that the legislature has used the latter terms in other statutes and could have used them again if it so intended. *Rosette* at ¶ 14, quoting R.C. 1321.56 (" 'Any person who willfully violates section 1321.57 of the Revised Code shall *forfeit* to the borrower the amount of interest paid by the borrower' " [emphasis added in *Rosette*]) and R.C. 149.351(B)(2) (" 'any person who is aggrieved by the removal, destruction, mutilation, or transfer of * * * a [public] record, may commence * * * [a] civil action to recover a *forfeiture* in the amount of one thousand dollars for each violation' " [emphasis added in *Rosette*] ).

{¶ 10} In the instant cases, the court of appeals held that the analysis in *Rosette* applied "equally" to the analysis here. *Discount Cellular, Inc.*, Cuyahoga App. No. 85618, 2005-Ohio-5437, 2005 WL 2589998, ¶ 14. It concluded that the General Assembly chose the word "damages" rather than "penalty" or "forfeiture" to describe the liability to be imposed on a public utility for violation of R.C. Chapter 4905 and that that language "indicates that the statute was not intended to inflict a penalty, but rather, allow an aggrieved party to recover damages." Id. at ¶ 14–15. It then concluded that R.C. Chapter 4905 was primarily remedial and that the six-year statute of limitations applied. Id. at ¶ 16–17.

{¶ 11} In reviewing that decision, we begin with familiar law.

{¶ 12} In construing a statute, the reviewing court must ascertain the intent of the legislature in enacting the statute. *Rosette*, 105 Ohio St.3d 296, 2005-Ohio-1736, 825 N.E.2d 599, ¶ 12. To determine the intent of a statute, a court looks to

---

2. R.C. 5301.36(C) states: "If the mortgagee fails to comply with division (B) of this section, the mortgagor may recover, in a civil action, damages of two hundred fifty dollars. This division does not preclude or affect any other legal remedies that may be available to the mortgagor."

the language of the statute, giving effect to the words used. *Rice v. CertainTeed Corp.* (1999), 84 Ohio St.3d 417, 419, 704 N.E.2d 1217. A court is neither to insert words that were not used by the legislature nor to delete words that were used. Id.

{¶ 13} In considering the language of R.C. 4905.61, the court of appeals focused on the term "damages" without also noting the modifying word "treble." R.C. 4905.61 provides that if a public utility violates certain laws, "such public utility * * * is liable to the person, firm, or corporation injured thereby in treble the amount of damages sustained in consequence of such violation, failure, or omission." See *Rice,* 84 Ohio St.3d at 420, 704 N.E.2d 1217. The court of appeals failed to give due consideration to the meaning of "damages" as modified by "treble." We believe that the court missed an important distinction between the statute at issue here and the one at issue in *Rosette.*

{¶ 14} The statute at issue in *Rosette,* R.C. 5301.36(C), expressly provided for "damages of two hundred fifty dollars." Consequently, that damages provision is more akin to stipulated or liquidated damages than to punitive damages. See *Lake Ridge Academy v. Carney* (1993), 66 Ohio St.3d 376, 382, 613 N.E.2d 183.

{¶ 15} Unlike R.C. 5301.36(C), R.C. 4905.61 contains a treble-damages provision. That fact alone is not dispositive, however, see *Rice,* 84 Ohio St.3d at 421, 704 N.E.2d 1217, and *Cosgrove,* 70 Ohio St.3d at 289, 638 N.E.2d 991, particularly given that the statute's treble-damages provision has a compensatory side that serves remedial purposes as well as "punitive objectives." *Cook Cty. v. United States ex rel. Chandler* (2003), 538 U.S. 119, 130, 123 S.Ct. 1239, 155 L.Ed.2d 247. See, also, *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.* (1985), 473 U.S. 614, 635–636, 105 S.Ct. 3346, 87 L.Ed.2d 444, citing *Brunswick Corp. v. Pueblo Bowl–O–Mat, Inc.* (1977), 429 U.S. 477, 485–486, 97 S.Ct. 690, 50 L.Ed.2d 701.

{¶ 16} In undertaking the inquiry into whether the statute is remedial or punitive, it is not possible to determine the precise "tipping point between payback and punishment." *Cook Cty.,* 538 U.S. at 130, 123 S.Ct. 1239, 155 L.Ed.2d 247. Rather, we are guided by the particular statute at issue in the litigation and its context. Id.; see, also, *Rice,* 84 Ohio St.3d at 421, 704 N.E.2d 1217. Furthermore, we must determine whether the primary purpose of the statute is to penalize or to remedy and compensate. *Cosgrove,* 70 Ohio St.3d at 288, 638 N.E.2d 991, citing *Porter v. Household Fin. Corp. of Columbus* (S.D.Ohio 1974), 385 F.Supp. 336, 342. In making that determination, we must not focus solely on the statute's ultimate goals or effect. Instead, we look to the methods used by the General Assembly to accomplish the goals and overall purpose of the statutory scheme. *Rice,* 84 Ohio St.3d at 419–420, 704 N.E.2d 1217; *Cosgrove,* 70 Ohio St.3d at 284, 288, 638 N.E.2d 991.

{¶ 17} R.C. Title 49 reflects a comprehensive statutory regime that governs the business activities of public utilities. In addressing the nature of R.C. 4905.61, however, we note that it differs from R.C. Chapter 4112, which governs the practice of the Ohio Civil Rights Commission and through which an aggrieved may seek redress through a variety of remedies. See, e.g., *Cosgrove*, 70 Ohio St.3d at 288–289, 638 N.E.2d 991 (Resnick, J., concurring). R.C. 4905.61 is more narrowly tailored, and like other sections in the statutes that constitute R.C. Title 49, it compels public utilities to comply with the regulatory rubric through the imposition of penalties or forfeitures. See, e.g., R.C. 4905.54 (imposing a fine of up to $10,000 for a statutory violation or noncompliance with a commission order) and 4905.57 and 4905.59 (governing actions for forfeitures). These provisions do not offer a mechanism for consumers to pursue relief against utilities.

{¶ 18} Moreover, R.C. 4905.61 is very specific. It appears to be the only mechanism through which the legislature permits an injured party to obtain damages after liability is found by the commission. The statute thus furthers the legislature's goal of ensuring compliance with the statutes governing public utilities and with commission orders. And notably for our purposes, in so doing, the statute does not simply compensate an injured party with an award for actual damages but, rather, incorporates a treble-damage-award provision *and* provides that any recovery by a private plaintiff pursuant to it does not preclude the state from seeking additional penalties under R.C. 4905.99. Thus, the statute was designed to augment enforcement of the law and to deter violations through penalties rather than to simply compensate consumers for violations. See *Lahke v. Cincinnati Bell, Inc.* (1981), 1 Ohio App.3d 114, 117, 1 OBR 420, 439 N.E.2d 928 ("we conceive that the provision for private recovery of treble damages for statutory violations * * * aids in [the] enforcement [of commission orders] by furnishing another incentive for the utility company to operate in accordance with [the commission's] dictates").

{¶ 19} Based on these and other factors, we conclude that the statute was intended to penalize public utilities for failing to comply with their statutory obligations. That conclusion is in accord with the decision of the only other court of appeals to consider the issue presented herein, *Usternal v. Gem Boat Serv., Inc.*, Ottawa App. No. 91–OT–051, 1992 WL 337600, *3. Other Ohio courts have concluded that the treble-damages provision in this statute was designed to deter utilities from ignoring the commission's authority and the requirements set forth in R.C. Title 49. See *Lahke*, 1 Ohio App.3d at 117, 1 OBR 420, 439 N.E.2d 928; *Fed. Res. Bank of Cleveland v. Purolator Courier Corp.* (1983), 13 Ohio App.3d 296, 300–302, 13 OBR 362, 469 N.E.2d 542, fn. 5. See, also, *French v. Dwiggins* (1984), 9 Ohio St.3d 32, 35–36, 9 OBR 123, 458 N.E.2d 827 (noting that the mandatory treble-damages provision in R.C. 1345.09(B) was intended by the General Assembly as a penalty for misconduct and as a deterrent).

{¶ 20} Because we conclude that the statute was designed to deter public utilities from committing regulatory violations and to punish them for failing to comply with the provisions set forth in R.C. Chapter 49, we also conclude that the legislature's primary intent in enacting R.C. 4905.61 was to provide "a statute for a penalty." R.C. 2305.11(A).

{¶ 21} Our conclusion is consistent with the nature of this particular statute, which requires, as a prerequisite to filing suit, a prior determination by the Public Utilities Commission that the utility violated a designated public utilities statute or commission order. R.C. 4905.61; *Milligan v. Ohio Bell Tel. Co.* (1978), 56 Ohio St.2d 191, 10 O.O.3d 352, 383 N.E.2d 575, paragraph one of the syllabus. Given that the statute requires a prior finding of a violation, a plaintiff in a claim brought pursuant to R.C. 4905.61 need only show causation and damages flowing from the adjudicated violation. No reason exists to allow for the longer (six-year) statute of limitations set forth in R.C. 2305.07. See *Liddell v. SCA Servs. of Ohio, Inc.* (1994), 70 Ohio St.3d 6, 10, 635 N.E.2d 1233 (statutes of limitations are designed to ensure fairness to a defendant, to foster prompt prosecution of causes of action, to avoid fraudulent or "stale" claims, and to avoid inconvenience resulting from delay). Accordingly, R.C. 4905.61 is subject to the one-year statute of limitations set forth in R.C. 2305.11(A).

Judgment reversed.

MOYER, C.J., LUNDBERG STRATTON, O'DONNELL, LANZINGER and CUPP, JJ., concur.

PFEIFER, J., dissents.

---

**PFEIFER, J., dissenting.**

{¶ 22} The majority suggests that in R.C. 4905.61, "treble the amount of damages" doesn't mean "damages times three," but rather "a penalty equal to damages times three." The majority also apparently doesn't believe that the General Assembly knows the difference between damages and penalties. Finally, the majority apparently wants to reverse *Rosette v. Countrywide Home Loans, Inc.*, 105 Ohio St.3d 296, 2005-Ohio-1736, 825 N.E.2d 599, but won't because of the unctuous three-part test set forth in *Westfield Ins. Co. v. Galatis,* 100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256.

{¶ 23} "Treble damages" is not a secret code word. Even though the majority uses the term "treble damages," R.C. 4905.61 does not; it uses the approximate equivalent "treble the amount of damages." See Black's Law Dictionary (8th Ed.2004) 419 (treble damages are "[d]amages that, by statute, are three times the amount that the fact-finder determines is owed"). There is no mysterious intent behind the General Assembly's use of "treble the amount of damages." I would

assume that the General Assembly intended the term to have its normal and ordinary meaning. I would not, as the majority opinion does, add the word "penalty" to the definition of "treble the amount of damages." Neither would I delete "the amount of," as the majority does. To do either violates the most elementary principle of statutory construction, which is to give effect to the words used and not delete words used or insert words not used. *Rice v. CertainTeed Corp.* (1999), 84 Ohio St.3d 417, 419, 704 N.E.2d 1217.

{¶ 24} Not only does the majority insert words into and delete words from R.C. 4905.61, it also misconstrues the context in which "treble the amount of damages" is used. The majority opinion correctly states that R.C. Title 49 "reflects a comprehensive statutory regime that governs the business activities of public utilities" and "compels public utilities to comply with the regulatory rubric through the imposition of penalties and forfeitures." See, e.g., R.C. 4905.54, 4905.57, and 4905.59. As far as the majority and I can tell, there is only one provision in R.C. Title 49 that allows an injured party to obtain damages: R.C. 4905.61. Most people would take the General Assembly's sole use of "damages," surrounded by a sea of penalties and forfeitures, as proof positive that the General Assembly intended the damages, whether trebled or not, to be damages and not a penalty.

{¶ 25} The majority is not so intrepid as that. Instead, it points to a separate sentence in R.C. 4905.61, which states, "Any recovery under this section does not affect a recovery by the state for any penalty provided for in such chapters" and concludes that R.C. 4905.61 "was intended to penalize public utilities for failing to comply with their statutory obligations." I agree that the penalty provision of R.C. 4905.61 was intended to penalize public utilities, but am not creative enough to conclude that the General Assembly intended the damages provision to do anything other than what damages do: compensate an injured party. Perhaps if I, as the majority opinion does, gratuitously called the penalty provision of R.C. 4905.61 an "additional" penalty, I could convince myself that damages are penalties.

{¶ 26} I conclude that the General Assembly used the phrase "treble the amount of damages" not to impose a penalty, but to give injured parties an incentive to pursue cases that would otherwise be too small to justify the expense of legal action. This conclusion is sensible and doesn't require the legalistic contortions necessary to transform "treble the amount of damages" into "a penalty equal to three times damages." This conclusion also allows me to assume that the General Assembly knows the difference between damages and penalties.

{¶ 27} In *Rosette,* 105 Ohio St.3d 296, 2005-Ohio-1736, 825 N.E.2d 599, ¶ 13–14, this court stated:

{¶ 28} "The statutory language is clear: R.C. 5301.36(C) expressly provides that a mortgagor 'in a civil action' may sue for 'damages.' To conclude that R.C. 5301.36(C) creates a penalty, this court would have to delete the term 'damages,' a word used by the legislature, and insert the term 'penalty' or 'forfeiture,' words not chosen by the legislature. Doing so would flout our responsibility to give effect to the words selected by the legislature in enacting a statute.

{¶ 29} "Clearly, the General Assembly could have used the term 'penalty' or 'forfeiture' if it had intended R.C. 5301.36(C) to create an action for a penalty or forfeiture. Indeed, the legislature has used such penalty/forfeiture language in other statutes. See R.C. 1321.56 ('[a]ny person who willfully violates section 1321.57 of the Revised Code shall *forfeit* to the borrower the amount of interest paid by the borrower'); see, also, R.C. 149.351(B)(2) (providing that any person aggrieved by the removal, destruction, transfer, or mutilation of a public record may bring a civil action to recover a '*forfeiture* in the amount of one thousand dollars for each violation'). (Emphasis added.) To presume that the legislature meant 'penalty' or 'forfeiture' when it used the term 'damages' is to presume imprecision on the part of the General Assembly. We decline to make such a presumption in this case."

{¶ 30} In short, less than two years ago, a majority of this court said essentially what I have said today. Today, a majority of this court reaches a contrary conclusion, though it does not reverse *Rosette*. (The liquidated damages of *Rosette* serve the same purpose as "treble the amount of damages" in this case: to give injured parties an incentive to pursue cases that would otherwise be too small to justify the expense of legal action.) Blind adherence to the absurd concept that this court cannot review and reverse its own reasoning whenever its prior reasoning is easy to apply, as stated in *Galatis*, 100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256, paragraph one of the syllabus, will result in many opinions being effectively, but not explicitly, overruled. Cases like *Rosette* will live in limbo, good law for all intents and purposes, but in reality, legal traps ready to ensnare even vigilant attorneys. It doesn't make sense. If a majority of this court determines that one of its prior decisions should be overruled, it should overrule the prior decision. To do otherwise is to abdicate its role as a court of last resort. Still, I would hope that when this court overrules decisions, it will have better reasons for such action than it does today. I dissent.

___

Tricarichi & Carnes, L.L.C., and Carla M. Tricarichi; and Randy J. Hart and Mark Griffin, for appellees.

Calfee, Halter & Griswold, L.L.P., Mark I. Wallach, James F. Lang, and William J. Michael; and McLaughlin & McCaffrey, L.L.P., and John F. McCaffrey, for appellants Ameritech Mobile Communications, L.L.C., and Cincinnati SMSA Limited Partnership.

Zeiger, Tigges & Little, L.L.P., and John W. Zeiger; and Kirkland & Ellis, L.L.P., Stephen R. Patton, P.C., and Robert R. Gasaway, for appellants Verizon Wireless, a.k.a. New Par, Verizon Wireless, and AirTouch Eastern Region, L.L.C.

Bricker & Eckler L.L.P., Kurtis A. Tunnell, Anne Marie Sferra, and Vladimir P. Belo, urging reversal for amici curiae, Ohio Manufacturers Association, Ohio Chamber of Commerce, National Federation of Business/Ohio, and Ohio Insurance Institute.