{¶ 21} I respectfully dissent from the majority opinion regarding Ameritech's cross-appeal and the finding that the customers' claims are time-barred under the statute of limitations.
 {¶ 22} My reasons are outlined in my concurring and dissenting opinion in Cleveland Mobile Radio Sales, Inc. v. Verizon Wireless, Cuyahoga App. No. 85620, 2005-Ohio-5439.
 {¶ 23} The Supreme Court of Ohio in Cleveland Mobile Radio Sales, Inc.v. Verizon Wireless, 113 Ohio St.3d 394, 2007-Ohio-2203, did not expressly address whether *Page 13 
application of R.C. 4905.61 would toll the time for filing the action in the trial court, nor did it specifically determine when a cause of action accrues under R.C. 4905.61. While the majority makes a case that the cause of action accrues when the PUCO order becomes final, the viability of that order must first be reviewed by the Supreme Court of Ohio before the cause of action can proceed in the trial court. Arguably, upon appeal, no cause of action can commence until the Supreme Court first authorizes it. Absent an express determination by the Supreme Court that the cause accrues with the issuance of the final PUCO order, I would respectfully dissent.
 APPENDIX A
"FIRST ASSIGNMENT OF ERROR: The Trial Court Erred in Granting Ameritech's Motion for Summary Judgment. The Trial Court Erroneously Held As a Matter of Law That Where A Utility Engages in Discriminatory Conduct, the Party Being Discriminated Against Has Not Been Damaged Unless That Party Paid More Than The Tariffed Rate for Telephone Service.
"SECOND ASSIGNMENT OF ERROR: The Trial Court Failed To Rule On Appellants' Claims Under R.C. § 4905.33.
"THIRD ASSIGNMENT OF ERROR: The Trial Court Erroneously Denied Appellants' Motion to Certify A Class of Consumers." *Page 1