Kennedy, J.,
concurring in part and dissenting in part.
{¶ 40} Respectfully, I concur in part and dissent in part.
{¶ 41} I wholly agree with Chief Justice O’Connor’s concurring opinion that as members of the third branch of government we must adhere to our limited role in our constitutional form of government and avoid encroaching upon the powers conferred on the other branches. As members of the judicial branch “we must respect that the people of Ohio conferred the authority to legislate solely on the General Assembly.” Chief Justice O’Connor’s concurring opinion at ¶28. As emphasized by the United States Supreme Court, the authority to define and fix the punishment for a crime belongs indisputably to the legislature. Ex parte United States, 242 U.S. 27, 42, 37 S.Ct. 72, 61 L.Ed. 129 (1916). It is for these very reasons that I respectfully concur in part with and dissent in part from the majority opinion.
{¶ 42} The certified question before us is a narrow one and asks us to give effect to the sentencing policies of the General Assembly when an offender is *306 convicted of a third-degree-felony offense of operating a vehicle while under the influence (“OVI”) and a repeat-offender specification. I agree with the majority that R.C. 4511.19 required the trial court to sentence Edward South to a mandatory prison term of one, two, three, four, or five years for the OVI repeat-offender specification. I also agree with the majority that the General Assembly, pursuant to R.C. 2929.14(B)(4), gave the trial court discretionary authority to impose additional prison time for the underlying third-degree-felony-OVI offense.
{¶ 43} The only remaining question, therefore, is, what was the intention of the General Assembly when it said in R.C. 2929.14(B)(4) that a trial court has discretion to sentence an offender for the underlying third-degree-felony-OVI offense to any duration specified in R.C. 2929.14(A)(3)? Did the General Assembly intend, as the majority declares, that only those terms of imprisonment found in R.C. 2929.14(A)(3)(b) apply? Based on the statutory language that the General Assembly chose, the answer is no. Therefore, I dissent.
{¶ 44} R.C. 2929.14(A) states, “Except as provided in division * * * (B)(4) * * * of this section * * * the court shall impose a definite prison term that shall be one of the following * * This language signals that the provisions of R.C. 2929.14(B)(4) are controlling when sentencing on an underlying felony-OVI offense. Therefore, R.C. 2929.14(A) yields to those provisions of R.C. 2929.14(B)(4) that modify or change R.C. 2929.14(A). See State v. Evans, 102 Ohio St.3d 240, 2004-Ohio-2659, 809 N.E.2d 11, ¶ 15. The General Assembly provided in R.C. 2929.14(B)(4) that an additional prison term of any duration specified in R.C. 2929.14(A)(3) may be imposed for the underlying third-degree-felony-OVI offense. This requires that both subsections (A)(3)(a) and (A)(3)(b) of R.C. 2929.14 apply. Accordingly, I would hold that the General Assembly gave the trial court discretionary authority to sentence South to an additional prison term of 9, 12, 18, 24, 30, 36, 42, 48, 54, or 60 months for the underlying third-degree-felony-OVI offense.
{¶ 45} The majority places a limitation on the General Assembly’s language by asserting that only subsection (A)(3)(b) of R.C. 2929.14 applies when sentencing pursuant to R.C. 2929.14(B)(4). However, the General Assembly placed no such limitation in the statute. See Cleveland Mobile Radio Sales, Inc. v. Verizon Wireless, 113 Ohio St.3d 394, 2007-Ohio-2203, 865 N.E.2d 1275, ¶ 12 (a court may not delete or insert words in construing a statute, but must give effect to the words the General Assembly has chosen).
{¶ 46} This reading of the statute is bolstered when examined in light of its language when it was originally enacted, the amendments that were made to the language, and the testimony that was presented to the General Assembly when it was considering the amendments. In 1996, the General Assembly enacted R.C. 2929.14(D)(4), the predecessor to R.C. 2929.14(B)(4). Am.Sub.S.B. No. 166, 146 *307 Ohio Laws, Part V, 9852, 9876 (effective Oct. 17, 1996). When it was enacted, R.C. 2929.14(D)(4) addressed only an underlying fourth-degree-felony-OVI offense and provided that the offender could receive up to 18 months for that underlying offense. Id.
{¶ 47} In 2000, the General Assembly amended R.C. 2929.14(D)(4) to address when the underlying OVI offense was a third-degree felony. Am.Sub.S.B. No. 22,148 Ohio Laws, Part IV, 8353, 8364, 8367 (effective May 17, 2000). Consistent with the June 6, 1999 testimony before the House Criminal Justice Committee of then-senator Bruce Johnson, the General Assembly amended R.C. 2929.14(D)(4) to provide that the length of sentence for an underlying third-degree-felony-OVI offense was controlled by R.C. 2929.14(A)(3), which provided for a prison term of one, two, three, four, or five years. Id. Also testifying in support of increasing the penalty for repeat OVI offenders was Michael K. Allen, who was the Hamilton County prosecutor at the time. He illustrated the need for greater punishment by submitting a summary of the OVI history of a defendant who in a 25-year period had 13 OVI convictions and a 14th charge pending. The defendant’s maximum possible sentence for the 14th OVI was 18 months.
{¶ 48} In 2011, House Bill No. 86, a bill aimed at reducing overcrowding in Ohio’s prisons and “eas[ing] the strain of incarceration on the state budget,” was introduced. Representative Lou Blessing, Sponsor Testimony in Support of H.B. 86, House Criminal Justice Committee, February 23, 2011. Among other provisions, H.B. 86, as introduced, decreased the maximum sentence for a third-degree felony from five to three years, a provision recommended by the Council of State Governments Justice Center. Id. at 2; see also Marshall Clement, Witness Testimony in Support of H.B. 86, February 23, 2011.
{¶ 49} This proposed sentence reduction for third-degree felonies was met with opposition from the Ohio Judicial Conference (“OJC”) and the Ohio Prosecuting Attorneys Association (“OPAA”). Ohio Judicial Conference, June 3, 2011 Judicial Impact Statement, http://www.ohiojudges.org/Document.ashx?DocGuid=d71deb 56-9a3e-4ada-94fe-527b9600e340 (accessed Sept. 1, 2015); Ohio Prosecuting Attorneys Association, Memorandum to House Criminal Justice Committee regarding H.B. 86, April 6, 2011. The OJC’s statement specifically addressed the serious nature of some third-degree-felony offenses, such as repeat OVI offenses and crimes of violence:
There are serious offenses that are classified as felonies of the third degree such as unlawful sexual conduct where there is a 10 or more year age difference, sexual battery, a second felony OVI offense, child endangerment where there is serious physical harm cause[d] to the victim * * * aggravated vehicular assault, abduction, robbery, burglary, aggravated *308 involuntary manslaughter, and third offense domestic violence. These offenses are predominantly crimes of violence and bear more similarity to first and second degree felonies in terms of sheer gravity, than to fourth and fifth degree felonies.
Recommendation: Retain the ability for a judge to impose a four or five year penalty for felonies of the third degree.
(Emphasis sic.) Ohio Judicial Conference, June 3, 2011 Judicial Impact Statement, http://www.ohiojudges.org/Document.ashx?DocGuid=d71deb56-9a3e-4ada94fe-527b9600e340.
{¶ 50} Members of the General Assembly also heard the testimony of Judge Jerry McBride, Clermont County Common Pleas Court. Judge McBride’s position was in concert with the OJC’s; he opposed reducing the sentence for third-degree-felony offenses because there are serious offenses classified as third-degree felonies, including violent crimes and repeat-OVI offenses. Addressing repeat OVI offenses, he stated:
[I]t is my opinion that reducing the maximum possible penalty for a felony of the third degree from five years to three years will impair the confidence that the public will have in the fairness of the sentencing scheme * * *. Just using one example, a first felony OVI would be punishable with a maximum prison term of 30 months, while a second (or hundredth for that matter) felony OVI would only be punishable by a maximum prison term of 36 months. The proposed reduction in the sentencing range * * * will also impair my ability to give a sentence that is proportionate based on the seriousness of the conduct involved.
Clermont County Common Pleas Court Judge Jerry McBride, Witness Testimony in Opposition to H.B. 86, Senate Judiciary — Criminal Justice Committee, May 17, 2011.
{¶ 51} In 2011, when the General Assembly amended R.C. 2929.14, it subdivided R.C. 2929.14(A)(3) into subsections (a) and (b). 2011 Am.Sub.H.B. No. 86 (effective Sept. 30, 2011). In subdividing (A)(3), the General Assembly addressed the concerns of both the proponents and opponents of the original bill. In R.C. 2929.14(A)(3)(a), the General Assembly provided a sentencing range of 12 to 60 months for those third-degree-felony offenses that are predominately offenses of violence. In R.C. 2929.14(A)(3)(b), the General Assembly gave effect to the recommendation of the Council of State Governments Justice Center by providing a sentencing range of 9 to 36 months for other third-degree felonies.
*309 {¶ 52} In the 2011 amendments, the General Assembly also recodified subsection R.C. 2929.14(D)(4), which addresses sentencing for repeat OVI offenders, as subsection (B)(4). 2011 Am.Sub.H.B. No. 86. It amended the “[e]xcept as provided in division” language of R.C. 2929.14(A) to reflect this recodification. The legislature did not change the language of R.C. 2929.14(B)(4), and the length of the discretionary sentence that a trial court could impose for an underlying third-degree-felony-OVI offense was still controlled by R.C. 2929.14(A)(3) as a whole. Therefore, the General Assembly intended that after the 2011 amendments, the discretionary sentencing authority of a trial court included prison terms set forth in R.C. 2929.14(A)(3)(a) and (b).
{¶ 53} Chief Justice O’Connor’s concurring opinion cites four cases and contends that all of these cases have taken the approach advanced by the majority. However, in State v. Eckles, 173 Ohio App.3d 606, 2007-Ohio-6220, 879 N.E.2d 829 (7th Dist.), the Seventh District examined the sentencing structure for an OVI repeat-offender conviction and an underlying fourth-degree-felony-OVI conviction, not a third-degree-felony-OVI conviction. Id. at ¶ 2. The Seventh District neither relied upon nor engaged in any statutory analysis of R.C. 2929.14(D)(4), the predecessor to R.C. 2929.19(B)(4). Id. at ¶ 58-65. In State v. Smaltz, 6th Dist. Ottawa No. OT-08-008, 2013-Ohio-5350, 2013 WL 6410428, the Sixth District applied a version of R.C. 2929.14(A)(3) that was prior to the General Assembly’s 2011 amendment that subdivided R.C. 2929.14(A)(3) into subsections (a) and (b). Id. at ¶ 11. In State v. Weideman, 11th Dist. Portage No. 2013-P-0100, 2014-Ohio-5768, 2014 WL 7456402, the Eleventh District reached the same conclusion as the majority, that the (A)(3) provision in R.C. 2929.14(B)(4) means (A)(3)(b). Id. at ¶ 16. The appellate court did so, however, without explanation as to why it was reading subsection “(b)” into the statute notwithstanding its acknowledgement that “third-degree felony OVI offenses are specifically governed by R.C. 2929.14(B)(4), rather than section (A)(3)(b).” Id. at ¶ 12.
{¶ 54} Finally, in State v. Burkhead, 12th Dist. Butler No. CA2014-02-028, 2015-Ohio-1085, 2015 WL 1291538, ¶ 13, the Twelfth District disavowed its “misguided” decision in State v. Sturgill, 12th Dist. Butler No. CA2013-01-002, 2013-Ohio-4648, 2013 WL 5741435. The Sturgill court had relied upon R.C. 2929.13(G)(2) to determine the sentence for the underlying OVI conviction. Id. at ¶ 42-43. Accordingly, the “misguided” analysis that the Burkhead court addresses is not the basis of this dissent. Moreover, the Burkhead court, in reaching its conclusion that “the additional sentence for the underlying OVI offense was governed under R.C. 2929.14(A)(3) and (B)(4),” Burkhead, ¶ 13, followed the lead of the Weideman court and read subsection (A)(3)(b) into the language of subsection (B)(4) without any explanation.
*310 Sherri Bevan Walsh, Summit County Prosecuting Attorney, and Heaven DiMartino, Assistant Prosecuting Attorney, for appellant.
{¶ 55} Based on the plain language of the statute, it is illogical to find that the General Assembly intended to limit a trial court’s discretionary sentencing authority for an underlying third-degree-felony-OVI offense to a maximum of 36 months pursuant to R.C. 2929.14(A)(3)(b), when R.C. 2929.14(B)(4) refers to R.C. 2929.14(A)(3) as a whole. If the General Assembly had intended to limit the discretionary sentencing authority of a trial judge for underlying third-degree-felony-OVI offenses pursuant to R.C. 2929.14(A)(3)(b), then in 2011, the General Assembly would have changed R.C. 2929.14(B)(4) to provide that only R.C. 2929.14(A)(3)(b) applied. However, the legislature did not do so.
{¶ 56} The problems caused when drivers operate vehicles while under the influence of alcohol are well known. The Ohio Department of Public Safety reported that in 2014, there were 271 fatal crashes, 5,049 injury crashes, and 7,160 property-damage crashes that were related to alcohol. http://www. publicsafety.ohio.gov/links/2014CrashFacts.pdf, Table 6.02 (accessed Aug. 26, 2015). It is also well known that OVI offenders often reoffend. In March 2014, the National Highway Traffic Safety Administration released a study regarding repeat offenders and concluded that of those in Ohio convicted of OVI in the years 2007 to 2011, 34 percent had prior OVI arrests within six years of their conviction. www.nhtsa.gov/staticfiles/nti/pdf/811991-DWI_Recidivism_in_USA-tsfrn.pdf, at 3 (accessed Aug. 26, 2015). It is the exclusive province of the General Assembly to make policy decisions as to the best way to address the problems underlying these statistics and protect the citizens of Ohio from OVI offenders.
{¶ 57} For all the foregoing reasons, I would affirm in part and reverse in part the Ninth District’s judgment. I agree with the majority that the court of appeals should not have vacated South’s mandatory three-year prison sentence associated with his repeat-offender-specification conviction and that that sentence should be reinstated. Additionally, I agree with the majority that the court of appeals was correct in vacating South’s five-year prison sentence for the underlying OVI conviction, but only because the trial court believed that the five-year sentence was mandatory. On remand, I would instruct the trial court that it is within its discretion to impose an additional prison term of any duration as set forth in R.C. 2929.14(A)(3)(a) and (b) for the underlying OVI conviction for a felony of the third degree.
{¶ 58} Accordingly, I respectfully concur in part and dissent in part.
O’Donnell, J., concurs in the foregoing opinion.
*311 Lawrence J. Whitney, for appellee.
Timothy Young, Ohio Public Defender, and Valerie Kunze, Assistant Public Defender, urging affirmance for amicus curiae, Office of the Ohio Public Defender.