JOURNAL ENTRY AND OPINION *Page 2 
{¶ 1} Plaintiffs-appellants, John Kannally and Michael Tricarichi (collectively "the customers"), appeal the trial court's decision granting summary judgment in favor of *Page 3 
defendant-appellee, Ohio Bell Telephone Company d/b/a/ Ameritech Ohio, Inc. ("Ameritech Ohio"), on their claim for damages under R.C. 4905.61. Ameritech Ohio also cross-appeals, arguing that the trial court erred in denying its earlier motion for summary judgment on the grounds that the customers' claims are time-barred under the statute of limitations. Because we find that (1) the statute of limitations for bringing a claim under R.C. 4905.61 commences when the Public Utilities Commission of Ohio ("PUCO") issues its final order, and (2) a subsequent appeal of the PUCO decision does not toll the limitations period, we sustain Ameritech Ohio's cross-appeal. Finding the cross-appeal meritorious and dispositive of both appeals, we reverse the trial court's denial of Ameritech's motion for summary judgment based on the statute of limitations and find that the customers' appeal is moot.
 Procedural History {¶ 2} The underlying action stems from Ameritech Ohio's former practice of accepting discount coupons, namely, "AmeriChecks," which were issued by one of its former subsidiaries, Ameritech New Media ("New Media"), as an incentive to subscribe to New Media's cable services. The AmeriChecks provided a $10 discount on home telephone service provided by Ameritech Ohio.
 {¶ 3} In June 1997, an association representing cable television companies filed a complaint with the PUCO, alleging that Ameritech Ohio's acceptance of AmeriChecks from New Media customers constituted an illegal preference among telephone customers. The association alleged that Ameritech Ohio unlawfully offered discriminatory discounts to New Media customers, allowing them to pay below-tariff rates for telephone service while not *Page 4 
offering the same to all telephone customers. On July 17, 1997, the PUCO issued an Opinion and Order, agreeing with the association's allegations and finding that Ameritech Ohio violated R.C. 4905.33 (discriminatory rebates and charges) and R.C. 4905.35 (unreasonable preferences). Consequently, the PUCO ordered Ameritech to cease and desist issuing and accepting AmeriChecks as payment for regulated telephone services and required it to implement other corrective measures. Ameritech Ohio appealed the decision to the Ohio Supreme Court, which on July 14, 1999, affirmed PUCO's decision.
 {¶ 4} On June 1, 2000 and June 20, 2000-nearly three years after the PUCO's determination of Ameritech Ohio's unlawful conduct-the customers filed class action complaints on behalf of the Ameritech Ohio customers who were not provided the discounted rate. The customers brought their lawsuits under R.C. 4905.61, seeking to recover treble damages for Ameritech Ohio's violations of R.C. 4905.33 and 4905.35.[1] After the cases were consolidated, Ameritech Ohio moved for summary judgment on the grounds that the claims were time-barred, which the trial court denied.
 {¶ 5} The parties subsequently filed cross-motions for summary judgment on the damages issue, namely, whether the customers are entitled to recover damages under R.C. 4905.61 despite not paying in excess of the reasonable tariff rate for service. The trial court *Page 5 
held that the customers could not demonstrate the injury required to maintain a cause of action under R.C. 4905.61, finding that they were not injured because they payed the lawful tariff rate for home telephone service, and consequently denied their motion for summary judgment and granted Ameritech Ohio's motion. The trial court further denied as moot the customers' motion for class certification.
 {¶ 6} The customers appeal, raising three assignments of error, [2]
and Ameritech Ohio cross-appeals, raising one assignment of error. Because we find the cross-appeal dispositive of the entire case, we shall address it first.
 Statute of Limitations {¶ 7} In its single cross assignment of error, Ameritech argues that the trial court erred in denying its motion for summary judgment based upon the statute of limitations.
 {¶ 8} We review a trial court's denial of a motion for summary judgment under a de novo standard of review. Grafton v. Ohio Edison Co.,77 Ohio St. 3d 102, 105, 1996-Ohio-336; Zemcik v. LaPine Truck Sales Equip. (1998), 124 Ohio App.3d 581, 585. Thus, we afford no deference to the trial court's decision and independently determine whether genuine issues of material fact exist and whether a party is entitled to judgment as a matter of law. Dresher v. Burt, 75 Ohio St.3d 280,292-293, 1996-Ohio-107. Here, there are no factual allegations disputed regarding the statute of limitations argument. Instead, the issue *Page 6 
involves merely a legal question: Does an appeal to the Ohio Supreme Court of a PUCO decision toll the statute of limitations for a claim under R.C. 4905.61?
 {¶ 9} Ameritech Ohio contends that the statute is penal and therefore a one-year statute of limitations applies, as opposed to a six-year statute of limitations for a remedial statute. The Ohio Supreme Court inCleveland Mobile Radio Sales, Inc. v. Verizon Wireless,113 Ohio St.3d 394, 2007-Ohio-2203, recently addressed this issue, and in reversing this court's earlier decision, held that R.C. 4905.61 is penal and subject to a one-year statute of limitations.
 {¶ 10} Although the customers acknowledge that the Ohio Supreme Court has determined that the statute of limitations for a claim brought under R.C. 4905.61 is one year, they argue their claims were nevertheless timely. They contend that the time does not begin to run until after the underlying PUCO decision is no longer subject to appeal. Because they filed their underlying complaints in the common pleas court within a year of the Ohio Supreme Court's decision affirming the PUCO's determination, they claim that their claims are timely.
 {¶ 11} Ameritech Ohio argues, however, that the statute of limitations began to run at the time that the customers could have first filed their claim, namely, July 17, 1997, and that an appeal of the PUCO's order did not toll the limitations period. Because the customers' claim under R.C. 4905.61 first arose at the time of the PUCO's final order in July 1997, Ameritech Ohio argues that the statute of limitations began to run at that time, and that the *Page 7 
customers' lawsuit filed three years later, as opposed to one year, was time-barred. We agree.
 {¶ 12} Here, the statute of limitations for a claim under R.C. 4905.61
is governed by R.C. 2305.11, which provides that "an action upon a statute for a penalty or forfeiture shall be commenced within one year after the cause of action accrued." Ohio law recognizes that a cause of action accrues "when the right to prosecute it begins." Singh v. ABAPublishing (May 8, 2003), 10th Dist. No. 02AP-1125, 2003-Ohio-2314,¶ 23; see, also Lynch v. Dial Fin. Co. of Ohio, No. 1, Inc. (1995),101 Ohio App.3d 742, 747 (a cause of action accrues when the wrongful act is committed or a violation of the statute occurs). With regard to claims brought under R.C. 4905.61, the Ohio Supreme Court has held that such claims can be filed as soon as the underlying PUCO order becomes final and effective. Milligan v. Ohio Bell Tel. Co. (1978), 56 Ohio St.2d 191,194. Thus, in the instant case, the customers could have commenced their lawsuit as early as July 17, 1997-the date of the PUCO's final Opinion and Order finding that a violation occurred.[3]
 {¶ 13} Generally, the possibility or pendency of an appeal does not toll the relevant statute of limitations period. See Zimmie v. Calfee,Halter Griswold (1989), 43 Ohio St.3d 54, 58-59 (refusing to adopt a rule of law that a client is entitled to exhaust all appellate remedies before the statute of limitations commences); Esselburne v. Ohio Dept.of *Page 8 Agriculture (1990), 64 Ohio App.3d 578, 581-82 (recognizing that "the general rule in Ohio is that the pendency of an appeal does not toll the relevant limitations period.") Even in cases where the claims are based on judicial decisions that may be subsequently appealed, which could potentially extinguish the claims, the Ohio Supreme Court has consistently recognized that the claim accrues at the time that a claim may first be brought. Zimmie, supra (holding that a claim for legal malpractice accrued, and the statute of limitations began to run, at the time of the underlying judgment even though the claim could fail if the judgment were reversed on appeal); see, also, Levering v. Natl. Bank ofMorrow Cty. (1912), 87 Ohio St. 117, 122-23 (holding that a claim for malicious prosecution accrued at the time of the underlying judgment despite the fact that judgment could be overturned on appeal and extinguish the claim). Thus, the statute of limitations commences on the same day that a claim accrues, regardless of a subsequent appeal.
 {¶ 14} The customers argue that the unique nature of utility litigation under R.C. Title 49 warrants an exception to the general rule. They contend that the automatic, non-discretionary right of appeal to the Supreme Court and the fact that liability and damages are decided in different forums distinguishes this case from the above cited cases. Relying on the concurring and dissenting opinion in Cleveland MobileRadio Sales, Inc. v. Verizon Wireless, 8th Dist. No. 85620,2005-Ohio-5439, ¶¶ 29-31, the customers urge this court to hold that the statute of limitations begins to run when the Ohio Supreme Court issues its *Page 9 
decision, or if the PUCO determination is not appealed, when the time for appeal has elapsed. Agreeing with the dissent's characterization of the liability finding as a two-step process, the customers contend that it is illogical to require the filing of a damage complaint without knowing the extent of the liability finding. We find these arguments unpersuasive.
 {¶ 15} First, we find that Zimmie and Levering are applicable to the instant case. The customers' argument that refusing to toll the appeal time will result in unnecessary litigation equally applies in the context of legal malpractice and malicious prosecution cases and yet the Ohio Supreme Court still refuses to toll the appeal time. Indeed, despite the fact that the underlying judgment in a case giving rise to a legal malpractice claim or malicious prosecution may be reversed on appeal, thereby extinguishing the claim, the Ohio Supreme Court still refuses to toll the appeal time when determining the commencement date of the statute of limitations. Instead, the Ohio Supreme Court recognizes that parties may seek a stay to prevent unnecessary litigation. See Zimmie, supra, at 59 (recognizing that "needless" litigation can be avoided by a stay of that action pending the exhaustion of the related appeals).
 {¶ 16} Second, we disagree with the customers' characterization of the liability determination as a two-step process. This argument seems to suggest that the PUCO's determination is not final until the Ohio Supreme Court reviews its decision and issues its own opinion. But this is not true. The PUCO's order becomes effective immediately after entry, unless a different effective date is specified in the order or upon a timely application for rehearing. See R.C. 4903.15 and 4903.10; see, also R.C. 4903.16 (expressly recognizing *Page 10 
that an appeal of a PUCO order does not stay execution of such order unless a motion for stay is granted). Indeed, a plaintiff may invoke the jurisdiction of the common pleas court to hear a damages claim under R.C. 4905.61 immediately after the PUCO issues its final order. Thus, even if we found that the statute of limitations did not commence until after the Ohio Supreme Court's final opinion, the customers' purported concern over unnecessary litigation could still persist, albeit, only if the plaintiff chose to file suit prior to the Supreme Court's final decision.
 {¶ 17} Third, R.C. Title 49 contains no provision recognizing an appeal as grounds to toll the limitations period for bringing a claim under R.C. 4905.61. Conversely, the General Assembly has recognized other instances warranting the tolling of limitations for a plaintiff s claims. See, e.g., R.C. 2305.15 (tolling of statute of limitations for defendant's absences) and R.C. 2305.16 (tolling of limitations due to minority or unsound mind). Thus, because an action for damages under R.C. 4905.61 accrues immediately after the PUCO issues its final determination of liability, and the Revised Code does not recognize an appeal of a PUCO order as grounds to toll the one-year statute of limitations period, we find that the customers' claims were time-barred.
 {¶ 18} Fourth, apart from the concurring and dissenting opinion inVerizon Wireless, the customers offer no Ohio authority to support their argument for tolling the appeal time. And although we recognize the logic behind the analysis, we find that the existing law does not support tolling the appeal time in this case. *Page 11 
 {¶ 19} Finally, aside from the fact that the General Assembly enacted no statutory provision allowing for the tolling of the statute of limitations for an appeal, and Ohio law does not support such an exception, public policy disfavors extending the statutory period for bringing a damages claim under R.C. 4905.61. As recognized by the Ohio Supreme Court, "statute of limitations serve a gate-keeping function for courts by (1) ensuring fairness to the defendant; (2) encouraging prompt prosecution of causes of action; (3) suppressing stale and fraudulent claims; and (4) avoiding the inconveniences engendered by delay-specifically, the difficulties of proof present in older cases."Doe v. Archdiocese of Cincinnati, 109 Ohio St.3d 491, 2006-Ohio-2625. Here, tolling the statute of limitations for a claim under R.C. 4905.61
during the pendency of a PUCO appeal would frustrate many of the above listed purposes. Given that the plaintiffs in this case were not even parties to the proceedings before PUCO, allowing them to pursue a claim years after the alleged violation occurred and without warning to the defendant unfairly prejudices the defendant. Further, by applying the one-year statute of limitations period from the date of the PUCO's final determination, parties are provided fair notice if they will be forced to defend a damages suit.
 {¶ 20} Accordingly, because we find that the customers' claims are time-barred under the one-year statute of limitations, we sustain Ameritech Ohio's single assignment of error in its cross-appeal. Having found that the customers' claims are time-barred, we need not address their assignments of error relating to the trial court's adjudication of their claims and refusal to certify a class action. Accordingly, we find that their three assignments of error are moot. *Page 12 
Judgment reversed.
It is ordered that appellees recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
CHRISTINE T. MCMONAGLE, J., CONCURS; SEAN C. GALLAGHER, P.J., DISSENTS WITH SEPARATE OPINION
[1] The customers contend that in any month in which a single AmeriCheck was redeemed by a customer, each and every other residential telephone customer was damaged in the amount of $10. Thus, assuming they are recognized as class representatives, the customers request damages roughly amounting to between $26 million to $27 million per month for approximately 28 months. Applying the treble damages provision of R.C. 4905.61, the customers' expert estimated total damages would be between $2.5 and $3 billion.
[2] The customers' three assignments of error are included in appendix A of this Opinion.
[3] Notably, before a common pleas court has jurisdiction to hear a complaint for treble damages under R.C. 4905.61, there first must be a determination by the PUCO that a violation has in fact taken place.Milligan, at 194. Thus, in the instant case, the customers could not have filed their claim until after the PUCO's determination that Ameritech Ohio engaged in unlawful conduct.